# Dallam *against* Fitler.

The retention of the possession of goods by the assignor, after a voluntary assignment in trust for creditors, with the permission of the assignee or his vendee, does not make the transfer of the goods fraudulent *per se.*

Constructive possession is sufficient to maintain trespass.

In trespass against a sheriff, for seizing and selling the plaintiff's goods under a judgment against another person, the amount paid out of the proceeds of sale for rent of the premises, cannot be received in evidence to abate the damages.

THIS case was tried at *Nisi Prius* in February 1843 before Mr Justice KENNEDY, and a verdict and judgment were rendered for the plaintiff. It was an action of trespass brought by Josias W. Dallam against Sheriff Fitler, for seizing and selling certain household goods belonging to the plaintiff. On the 9th August 1839 Charles T. Ruete made a general assignment to Anthony Elton,

[Dallam v. Fitler.]

in trust to pay creditors, which was recorded on the same day. An inventory and appraisement were made on the 21st August, and filed in the prothonotary's office on the 23d, and on the same day the assignee sold the goods in question to the plaintiff, for $363.75, and a bill of sale was executed. The next day the assignee filed his affidavit to the inventory, and gave bond with approved sureties. The goods were left in the possession of Ruete, who held them after the sale for the plaintiff. In November an execution was issued on a judgment in favor of Charles Leo Wolf against Ruete, and the goods were taken by the sheriff out of the hands of Ruete and sold, notwithstanding notice given of the plaintiff's title.

On the trial the defendant alleged and offered to prove, that $121.83 were due at the time of the sheriff's sale, for rent of the premises on which the goods were lying when seized, and that the sheriff paid this sum to the landlord out of the proceeds of sale. This evidence was objected to by the plaintiff, and overruled by the judge, who sealed a bill of exception.

The following were the points on which the learned judge was requested by the defendant to charge the jury, and his answers thereto:

1. That the continued possession of Ruete rendered the goods subject to an execution at suit of a creditor of said Ruete.

*Ans.*—The continued possession of Ruete would not *per se* render the goods subject to an execution at the suit of a creditor of the said Ruete.

2. That there was no change of possession, as against the creditors of the said Ruete.

*Ans.*—If the transaction was fair, and no wise tainted with actual fraud, the assignment or transfer of the goods by the assignor to the assignee, would in law carry with it the possession and vest the latter with it. And in like manner the sale and transfer of the goods by the assignee to the plaintiff, if made *bonâ fide*, would carry with it the possession of the goods to the plaintiff.

3. That the plaintiff, not having possession of the goods, cannot maintain this action.

*Ans.*—If it were so that plaintiff, at the time of the taking of the goods, had no possession, either actual or constructive, he could not maintain this action; but from the evidence if you should believe it, and consider the transaction free from actual fraud, the plaintiff would appear to have had at least the constructive possession, which would be sufficient to enable him to maintain this action.

4. That the amount of rent is to be deducted from any value of goods taken.

*Ans.* The court having refused to admit the evidence offered in respect to the rent, the jury have nothing to do with it.

[Dallam v. Fitler.]

5. That the assignee had no right to sell before he made an inventory or appraisement, and had given security.

*Ans.* The inventory appears to be dated the day before the date of the sale of the goods; filed in the Prothonotary's office the day after; and the oath of the assignee made to the correctness of it on the 24th, the day after the date of the sale, when the bond with sureties for the faithful discharge of his duty as assignee was given. The sale would therefore seem to be valid in this respect, though the security was given afterwards.

6. That if there was any arrangement at time of assignment between Ruete and Dallam, plaintiff cannot recover.

*Ans.*—If there was any unfair arrangement or collusive understanding between Ruete and Dallam, in regard to the sale, it would avoid it as against creditors, and the plaintiff would not be entitled to recover; but without evidence showing such arrangement, it is not to be presumed, and if there be any evidence of it, I cannot perceive it.

The defendant excepted to the charge. A verdict was rendered for the plaintiff, and the defendant filed reasons for a new trial, which the court refused. The overruling of the defendant's points was now assigned as error.

*H. M. Phillips*, for the plaintiff in error, referred to *Leber v. Kauffelt*, (5 *Watts & Serg.* 440); *Mitchell v. Willock*, (2 *Ib.* 253).

*Gerhard* and *Randall*, contra, were stopped by the court.

The opinion of the Court was delivered by

SERGEANT, J.—The principal point intended to be argued in this case has been very properly relinquished by the counsel for the defendant, as it was decided by this court, in *Fitler v. Maitland*, (5 *Watts & Serg.* 307), and previously, in the case of *Thompson v. Watmough*, there stated. It was held that retention of possession by the assignor, after making a voluntary assignment in trust for his creditors, and duly recorded, was not *per se* fraudulent, but that by reason of the publicity of the transaction, and its attendant circumstances, it stands on the same footing as a judicial sale, and that the title passes and continues in the assignee or his vendee, notwithstanding the goods are left in the hands and possession of the assignor, where there is no actual fraud or collusion. To this effect was the charge of Mr Justice KENNEDY in the present case, and therefore there was no error on this head.

Nor do we perceive anything in the next objection, that no possession was shown in the plaintiff. Constructive possession is sufficient to maintain trespass; and, under the evidence, such constructive possession in the vendee existed here. For the plaintiff's title drew with it the possession, it not being pretended that the

2 c

[Dallam v. Fitler.]

assignor held the actual possession adversely : on the contrary, it is proved he held under the plaintiff, and for him.

It is further objected, that on the 23d August, when the assignee sold the goods to the plaintiff, he had not given bond with sureties, and therefore he could not convey a good title. The giving bond, however, does not seem, in this Act of Assembly, to be made a condition precedent to the assignee's acting, as it is in the Insolvent Act. It merely directs the assignee, in the first section, to file an inventory or schedule within thirty days in the office of the prothonotary, accompanied with an affidavit. By sect. 2, two appraisers are to be appointed by the court or a Judge in vacation, who are to return an inventory and appraisement. The fifth section then enacts that the assignees shall give bond " as soon as such inventory and appraisement shall have been filed." In the present case the inventory and appraisement were filed before the 23d August 1839, the day when the bill of sale was executed, and the bond was given and approved on the 24th August, the day following; so that the requisites of the Act seem to have been complied with. If an assignee neglects to file an inventory or give bond, the remedy seems to be, under the 11th and 23d sections, to cite him before the court to show cause why he should not be dismissed; but there is nothing in the Act which requires these preliminaries to be performed before the assignee can be qualified to act. On the contrary, it seems to contemplate that the title and power vest. from the execution of the assignment, and that the assignee must be proceeded against for neglect of duty if he omits them.

As to the evidence offered by the defendant of the payment of rent out of the proceeds of the sheriff's sale, we are of opinion it was properly rejected. For although it is true that after the execution levied the landlord had a lien on the goods on the premises for the rent, yet that lien was produced by the defendant's own act, in issuing execution and levying on the goods, and if his levy was illegal, he cannot derive any advantage from the consequences it led to. That would. enable him to take advantage of his own act. *Non constat* that these goods would ever have been distrained upon by the landlord for the rent, and, unless they were, he would have no lien upon them independently of the execution.

                              Judgment affirmed.