## Carrier and McPherson *versus* Esbaugh.

1. Sheriff made a levy lawfully under a fi. fa., and sold the goods after only five days' notice. *Held*, that trespass and not case was the proper remedy against him.

2. So selling was an abuse of authority, and made the sheriff a trespasser *ab initio*.

3. The writ gave the sheriff no authority to sell without giving notice, and the sheriff stood as if his acts had been illegal from the beginning.

4. The sheriff paid the plaintiff the execution-debt from the proceeds of the sale. *Held*, in an action of trespass against the sheriff, not to be evidence in mitigation of damages.

5. The regulations of the statute for the seizure and sale of chattels, should be lawfully and strictly complied with.

6. Dallam *v.* Fitler, 6 W. & S. 323; McMichael *v.* Mason, 1 Harris 214; Wilson *v.* McElroy, 8 Casey 82.

November 21st 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Jefferson county:* No. 32, to October and November Term 1871.

This was an action of trespass *d. b. a.*, commenced, December 29th 1868, by F. C. Esbaugh against Nathan Carrier, Jr., A. D. McPherson and A. J. Smathers.

Smathers was plaintiff in an execution against Esbaugh; Carrier was the sheriff and McPherson his deputy, who executed the writ and sold the goods.

A judgment had been entered to February Term 1867 in favor of Smathers against Esbaugh for $144.30. On this judgment a fi. fa. was issued to September Term 1868, under which the personal property of Esbaugh was levied on and sold by the sheriff; it produced $219.45, of which $156.54 were paid to Smathers in full of the debt and interest of his judgment.

There was evidence that the sale had been made by the sheriff upon *five* days' notice. There was also evidence that Smathers had agreed with Esbaugh that no execution should issue on the judgment until the next spring, and that he had issued execution during Esbaugh's absence.

The following are points of the plaintiff with their answers:—

"2. If the property was sold on five days' notice instead of six, it would render the sheriff a trespasser *ab initio*, and the plaintiff would be entitled to recover the full value of the property sold, and in addition thereto (if the sale was attended with circumstances of oppression) exemplary damages for the oppression."

Answer: "This is affirmed."

"3. If A. J. Smathers had agreed for a sufficient consideration with the defendant not to issue execution on his judgment until spring, and for the purpose of oppression and wrong had fraudulently violated that agreement, the execution as to him would

[Carrier *v.* Esbaugh.]

afford no protection, and the plaintiff would be entitled to recover, at least as to him, exemplary damages."

Answer: " We answer this point also in the affirmative. But if Smathers did not participate in selling on less than six days' notice, on which there is little if any evidence, then he is not liable for the trespass of the sheriff, and your verdict for a fraudulent issue of the writ should be against him alone, and you cannot render a verdict for two separate trespasses—the one committed by Smathers himself, the other by the sheriff and his deputy. But you may find as to the one, not guilty, and as to the other for the plaintiff for such damage as he has sustained by that particular trespass. If Smathers had a valid judgment against defendant, of which there is no doubt, and having an execution out on it and defendant paid a part, and it was agreed that there was to be a stay until the following spring, and Smathers, in the face of such agreement, issued on the judgment, he would be liable as a trespasser for sending the sheriff on him. But if the agreement was conditional, and before becoming absolute, more money was to be paid, or what was to be given to him and it was not done, he had a perfect right. In order to make Smathers a trespasser you ought to be satisfied that he issued in defiance of a positive agreement to stay. If the jury should find that Smathers is a trespasser, and this issue was under circumstances of oppression, you may allow exemplary damages as against the sheriff. If it was merely a mistake in not advertising long enough, you should find only such damages as the plaintiff has actually sustained."

The defendant's 1st, 2d and 3d points and their answer are as follows :—

" 1. The judgment of A. J. Smathers against F. C. Esbaugh being a valid judgment, the execution issued therefrom gave the sheriff the right to levy on the property of Esbaugh and remove it out of his possession. And if he was not a trespasser at the time of the levy or at the time of the removal, the fact of his only giving five days' notice of the time of sale would not make him a trespasser, and as there is no evidence of fraud, the verdict must be for the defendant.

" 2. If the plaintiff had not actual possession or the right to take possession at the time of the sale, he cannot maintain his present action.

" 3. There being no evidence in the case against A. J. Smathers other than that he had the writ issued, as to him the verdict must be for the defendant."

Answer: " We answer defendant's first three points in the negative, and say that a fi. fa. gives no right to sell personal property until the sheriff or his deputy has advertised it six days agreeably to the Act of Assembly, and an officer selling, as was done

[Carrier v. Esbaugh.]

in this case, if the evidence is believed, on less than six days becomes a trespasser *ab initio*. The advertising on the 12th of November to be sold on the 18th would be long enough, but if on the 14th the sheriff altered the time of sale and made it on the 19th, the notice of the time and place of sale would date from the 14th, and the advertisement would be only five days, and this would not save him from this action of trespass, and it would make the original taking a trespass.

The court (Campbell, P. J.) further charged : * * *

" The defendants' counsel on the trial of the cause requested us to instruct the jury that the money raised by the sale of plaintiff's property and applied in satisfaction of the judgment against him should be referred to the jury in mitigation of damages. We refused to do this because the omission to advertise the property for the time prescribed by the Act of Assembly, made the sheriffs trespassers, proceeding as if they had not advertised at all, and the sale was a nullity, and they had no right to take the money and pay the plaintiff's judgment in favor of Smathers, any more than they could take his property and sell it without legal process, and therefore they cannot offer the judgment in mitigation of damages."

The verdict was for the plaintiff against Carrier and McPherson for $459.94, and as to Smathers " not guilty."

Carrier and McPherson removed the record to the Supreme Court by writ of error.

They assigned five errors; three to answers to the plaintiff's points, one to the answer to the defendant's points, and one to the charge.

*Gordon* and *Brother*, for plaintiffs in error.—Possession or right of possession in plaintiff is necessary to maintain trespass : Lewis v. Carsaw, 3 Harris 31. The sheriff's failing to give six days' notice was mere non-feasance, for which tresspass will not lie : Sommer v. Wilt, 4 S. & R. 19; Berry v. Hamill, 12 Id. 210. For malicious abuse of legal process, case is the remedy : Barnett v. Reed, 1 P. F. Smith 190; Kennedy v. Barnett, 14 Id. 141. The amount received by plaintiff under the execution should have been allowed to go in mitigation of damages : Mitchell v. Commonwealth, 1 Wright 187; Mickle v. Miles, 1 Grant 320.

*Andrews & Conard* and *Jenks & Clark*, for defendant in error.—If the act of the officer was lawful at first and he afterwards abuse his authority, he is a trespasser *ab initio* : 1 Chitty's Pl. 213; Gibbs v. Neely, 7 Watts 305. An officer cannot show in mitigation of damages that the proceeds of sale were applied to pay the debt : McMichael v. Mason, 1 Harris 214; Dallam v. Fitler, 6 W. & S. 323.

20 P. F. Smith—16

[Carrier *v.* Esbaugh.]

The opinion of the court was delivered, January 9th 1872, by

WILLIAMS, J.—The first question presented by the record is, whether trespass or case is the proper remedy for the seizure and sale of the plaintiff's goods on an execution against him without giving six days' notice of the sale, as provided by the Execution Act of the 16th June 1836. The action is trespass, and we are clearly of the opinion, both on principle and authority, that it is the appropriate remedy. Though the levy was lawful, the sale, without the notice required by the statute, was such an abuse of the authority contained in the writ to levy and sell, as to render the sheriff a trespasser *ab initio*. The writ conferred no authority to sell without giving the notice, and the sale was therefore an unauthorized act, and left the sheriff in the same situation, as though his acts had been illegal from the beginning. If he had no authority to seize and sell the plaintiff's property without giving the statutory notice, can there be a doubt that he was a trespasser in making the sale? Selling the goods without notice was not merely an abuse of the authority contained in the writ, it was an act done without authority and against law. Having no legal justification for the seizure and sale, the sheriff stands in the same relation to the plaintiff as if he had originally taken the goods without authority, and must be regarded as a trespasser *ab initio*. This is the well settled doctrine of our own cases, and authorities elsewhere: Kerr *v.* Sharp, 14 S. & R. 399; Wilson *v.* Ellis, 4 Casey 238; Freeman *v.* Smith, 6 Id. 264; Wilson *v.* McElroy, 8 Id. 83; Van Dresor *v.* King, 10 Id. 201; Bradley *v.* Davis, 2 Shep. 44; Mussey *v.* Commings, 34 Maine (2 Red.) 74; Breck *v.* Blanchard, 20 N. H. 223; Purrington *v.* Loring, 7 Mass. 388; Pierce *v.* Benjamin, 14 Pick. 356; Smith *v.* Gates, 21 Id. 55; Vail *v.* Lewis, 4 Johns. 450; Ash *v.* Dawnay, 16 Engl. L. & Eq. 501; as a reference to those cited will show.

In Kerr *v.* Sharp, goods distrained upon for rent were sold without having been appraised and advertised agreeably to the Act of the 21st of March 1772, and it was held that the distrainor was a trespasser *ab initio*, and that an action of trespass *quare clausum fregit* might be maintained against him. So in Wilson *v.* Ellis and Freeman *v.* Smith, a constable, who seized the property of a defendant under an execution, and refused to permit him to select property to the amount of three hundred dollars and have it appraised under the Act of 1849—the defendant demanding and being entitled to the benefit of the exemption—was held liable as a trespasser *ab initio*. These cases are directly in point, and all the authorities cited show that trespass is the proper remedy for the wrongful act of the sheriff in seizing and selling the plaintiff's goods without giving the notice required by law. It is true that in Van Dresor *v.* King, it was held that an action on the case will lie against a constable for selling a defendant's goods under an execution, in

[Carrier *v.* Esbaugh.]

disregard of his claim for the benefit of the exemption law, but it was there said "there is no doubt but that trespass, in cases like the present, will lie." Case was held to lie, on the ground that the constable had been guilty of a breach of duty in refusing or neglecting to allow the debtor's demand of the provisions of the exemption law; and for the injury occasioned by such breach of duty, case was said to be the more natural and direct remedy. But in the case before us the sheriff was not guilty of a mere breach of duty in selling the goods without notice. He had no authority whatever to make the sale, and consequently his act, in making it, was nothing less than a sheer trespass. There is then no conflict in the authorities. They all agree that for the wrongful act, complained of here, trespass is the proper remedy. It would have saved us, however, some labor in the investigation of the question, if the authorities, to which we have referred, had been cited in either of the paper-books. ·

The question next to be considered, as to the measure of damages, may be disposed of in a few words. The court instructed the jury that the plaintiff was entitled to recover the full value of the property sold by the defendants, without any deduction or abatement, in mitigation of damages, of the money raised by the sale and applied in satisfaction of the judgment against him; and we think that this instruction was clearly correct. What right has a trespasser, who seizes and sells the property of another, against his consent, without authority of law, to defalk, in mitigation of damages, the proceeds of sale which he may have applied to the payment of the owner's debts? As said in McMichael *v.* Mason, 1 Harris 214, the sheriff, being a trespasser from the beginning, could gain no right from his wrong—not even the right to pay the plaintiff's debt without request. In Dallam *v.* Fitler, 6 W. & S. 323, it was ruled that in trespass against a sheriff, for seizing and selling the plaintiff's goods under a judgment against another person, the amount paid out of the proceeds of sale for rent of the premises, cannot be received in evidence to abate the damages. And in Wilson *v.* McElroy, 8 Casey 82, that in an action of trespass for disregarding a debtor's claim for the benefit of the exemption law, the debt extinguished by the sale cannot be defalked against the plaintiff's damages. These authorities govern the question of damages in the case before us. To allow the proceeds of sale applied to the satisfaction of the plaintiff's judgment to be defalked in mitigation of damages, would encourage a disregard of the wholesome provisions of the act, which forbids the sheriff from making sale of the property taken in execution until he shall have given six days' notice thereof in the manner provided by the statute. It is essential to the rights of property, that the positive regulations of the statute, authorizing the seizure and sale of chattels, without the consent of their owner, should be lawfully

[Carrier *v*. Esbaugh.]

and strictly complied with : 14 Pick. 356 ; and to insure this there must be no abatement of the damages.

The error complained of in the answer of the court to the plaintiff's third point, if it be one, is rendered immaterial by the finding of the jury. Even if the court instructed the jury, as contended, that if they should find that Smathers was a trespasser, and the issue was under circumstances of oppression, they might allow exemplary damages as against the sheriff, it did the plaintiffs in error no harm, for the jury found that Smathers was not guilty of the trespass. But it is evident from the whole answer that the sentence closes with the word " damages," and that the phrase " as against the sheriff," is the beginning of the next sentence, which reads as follows : As against the sheriff, if it was merely a mistake in not advertising long enough, you should find only such damages as the plaintiff has actually sustained. This instruction was clearly correct, and the jury must have properly understood it.

Judgment affirmed.