# Bird v. Womack.

### Action of Trespass de bonis asportatis.

1. *Trespass de bonis asportatis; mitigation of damages.*—In trespass *de bonis asportatis*, if the defendant holds a mortgage or other lien on the property, he is entitled to have the amount secured thereby deducted by way of recoupment; or if the property has been returned to the plaintiff, this fact is available to the defendant in mitigation of damages.

2. *Same.*—But, if the defendant in such action, being a mere trespasser, has himself applied the property seized by him to the plaintiff's use, but without authority, and without the plaintiff's consent, express or implied, this fact is not available to him in mitigation of damages, although the use to which the property was applied, was the satisfaction of a lien which a third party held thereon.

3. *Same.*—In such case it can not be objected that the plaintiff is thus permitted to reap the benefit of double damages, as in trespass, exact compensation is not always the rule.

APPEAL from Greene Circuit Court.

Tried before Hon. W. S. MUDD.

This was an action of trespass, brought by Ann M. Womack against William P. Bird, to recover damages for the alleged wrongful taking by him of certain cotton, corn and cotton seed in the complaint described, and was commenced on the 1st of April, 1869. The defendant pleaded not guilty, and on issue joined on this plea the cause was tried, and resulted in a verdict and judgment for the plaintiff.

The evidence introduced on behalf of the plaintiff tended to show the commission of the trespass by the defendant while he. was acting as "special coroner," in levying an attachment issued from the Circuit Court of said county on the 17th December, 1868, in favor of Bell & Moore against the plaintiff and one Lowndes Womack, on the property sued for; and that "after the levy none of said property ever came to the possession, or went to the use or benefit of plaintiff." The value of the property was also proved. The defendant then produced a written instrument executed by the plaintiff and Lowndes Womack to Bell & Moore, dated February 28th, 1867, and, according to its terms and recitals, creating a lien in the nature of a mortgage on the cotton crop to be raised by the makers thereof on a tract of land known as the "Hay's Mount place," during that year, to secure $1383.36, for money advanced to them by Bell & Moore, to enable them to make a crop; and "stated to the court that he expected to introduce evidence tending to show, that the corn and cotton levied on by him were raised by the plaintiff in 1867, on the Hay's Mount place; that the writ of attachment under which he levied on said corn and cotton, was sued out by said Bell & Moore to enforce the collection of the debt evidenced and secured by said writing; that said Bell of said firm was with him when he made said levy, and had agreed to indemnify him against loss or damage by reason of his levy on said corn and cotton under said writ; that the cotton levied on was all hauled to the gin of one Ridgeway, by whom it was. ginned and packed; that said cotton ginned out about eight. bales, weighing about five hundred pounds each, which were shipped to said Bell & Moore, and by them sold for about. twenty-six cents per pound, and the proceeds applied by them as a credit on the debt evidenced and secured by said writing; and that plaintiff had never claimed said cotton, or its proceeds, from said Bell & Moore. And defendant then offered in evidence, in connection with said proposed testimony, said writing, for the purpose of (1) mitigating the damages claimed by plaintiff, and (2) of showing that the cotton had been disposed of, and applied in accordance with plaintiff's contract, and for her benefit, and that she had received the benefit of it. The plaintiff objected to the introduction of said writing, and the court.

[Bird v. Womack.]

refused to allow it to be read in evidence in connection with the proposed testimony, for the purposes for which it was offered; and also refused to allow the evidence proposed in connection with the writing, to be introduced; and to each of these rulings of the court the defendant excepted."

The rulings of the Circuit Court above noted are here assigned as error.

E. MORGAN, for appellant.

CLARK & McQUEEN, and WM. P. WEBB, contra.

SOMERVILLE, J.—Where, in an action of *trespass* or *trover*, the property sued for has been returned to the possession of the owner, this fact is available to the defendant in mitigation of damages, but not in bar of the action.—*Ewing v. Blount*, 20 Ala. 694; 2 Greenl. Ev. § 635.

So where the defendant, in his own right, holds a mortgage or other lien of any kind on the property, he is entitled to have the amount so secured deducted by way of recoupment.—Sedgwick on Dam. 6th Ed. p. 600 (*482), and *note* (2). And it is also settled that where the property has been appropriated to the plaintiff's use by *his consent*, express or implied, this may be shown in mitigation of the damages otherwise recoverable. Field on Dam. § 785; 2 Greenl. Ev. § 635a. And while there is reputable authority for the doctrine that the defendant's consent is not necessary in such cases (*Irish v. Cloyes*, 8 Verm. R. 30), we think the better and sounder rule to be, that, without such consent, at least one that is *implied* in fact or law, it avails nothing to the mere trespasser that he has himself applied the goods illegally seized or converted to the owner's use in the absence of all authority. It has been held that such consent may be implied where the property has been seized in the hands of the trespasser and sold under legal process against the owner, and this is, perhaps, the correct principle.—*Squire v. Hollenbeck*, 9 Pick. 551; 2 Greenl. Ev. § 635a, note (5).

In *Higgins v. Whitney*, 24 Wend. 379, 381, it was said by BRONSON, J.: "One who has wrongfully taken property can not mitigate damages by showing that *he has himself* applied the property to the owner's use without his consent. But when the property has been so applied, by the *act of a third person and the operation of law*, that fact should be taken into the account in estimating the plaintiff's damages."

In *McMichael v. Mason*, 13 Penn. St. R. 215, where a sheriff was sued for wrongfully levying on and selling the plaintiff's goods, it was held that he could not be permitted to prove in mitigation of damages that he had applied the proceeds of sale

[Griffin v. Spence, Adm'r.]

to the payment of plaintiff's debt, due for freight on the goods and a *lien* on them. "The sheriff," say the court, "being a trespasser from the beginning, could gain no right from his wrong—not even a right to pay the plaintiff's debt without request." A similar ruling was declared by the Supreme Court of Pennsylvania in *Dallam v. Fitler*, 6 Watts & Serg. 323.

We believe these decisions not only to better harmonize with the reason of the law, but also to accord with principles supporting a sounder public policy. If defendants, generally, were permitted to invoke such a defense, they would be encouraged in pragmatical interferences with the property of third persons, and, perhaps, to such an extent as frequently to endanger the public peace. It is carrying the rule sufficiently far to accord this right of recoupment to parties who hold liens on property, which is the subject of conversion or trespass, and we are not inclined to extend its operation further, despite the hardship of the principle in many cases. Hard cases, as has been aptly said, too frequently prove to be the quicksands of the law.

It can not be objected that the plaintiff is thus permitted to indirectly reap the benefit of double damages. In cases of trespass, exact compensation is not always the rule. In assessing damages, for example, whether to person or property, for an injury resulting from a defendant's negligent or wrongful act, it can not avail him any thing that the plaintiff has recovered compensation from an insurance company which had taken a risk against accident or fire upon the one or the other.—*Althorf v. Wolfe*, 22 N. Y. (8 Smith), 355; *Yates v. Whyte*, 4 Bing. (N. C.) 272; *Weber v. R. R. Co.*, 10 Amer. Rep. 253.

The Circuit Court did not err in refusing to admit in evidence the mortgage executed by appellant to Bell & Moore, and its judgment is affirmed.