# Grisham v. Bodman.

*Action of Trespass to Recover Damages for Wrongful Levy of Attachment.*

1. *Recoupment; difference between it and set-off.*—Recoupment is the right of a defendant to claim damages sustained by him which grew out of the matters set forth in the plaintiff's complaint, or which arise from plaintiff's breach of the contract on which his suit is founded, or through his violation of some duty imposed by such contract; and is different from set-off in that its claim for damages is not enforced, as an independent claim or debt due the defendant, but by way of reducing or destroying plaintiff's claim.

2. *Same; gist of plea; effect of plea being sustained.*—The gist of the defense of recoupment is that the defendant does not owe the claim sued on because, in the transaction out of which plaintiff's supposed cause of action arose, he has suffered such damages from plaintiff's violation of his obligations or omissions of duties in the premises, as reduce or destroy plaintiff's claim; and the effect and result of a plea of recoupment being sustained is an adjudication that to the extent of the sum recouped the plaintiff had no claim or debt against the defendant, and a judgment for defendant upon such plea is a judgment against the existence of the claim sued on.

3. *Trespass against sheriff for wrongful levy of writ of attachment; when defendant can not justify under the process.*—In an action against a sheriff and his indemnitor in respect to the levy of a writ of attachment, for the wrongful levy of the attachment, where it is shown that defendant in the attachment suit recovered judgment on his plea of recoupment, the defendants in trespass can not justify under the writ on the ground that the plaintiff in trespass, who was in possession of the property at the time of the levy, was in possession as the vendee in a sale made to defraud the creditors of the defendant in attachment; the judgment in favor of the defendant in the attachment suit on his plea of recoupment being an adjudication that the plaintiff

[Grisham v. Bodman.]

therein was not his creditor, and the sale of the property could not, therefore, be fraudulent and void as to said plaintiff.

4. *Same; mitigation of damages by applying property for benefit of owner; evidence thereof admissible.*—The defendant in an action of trespass for the wrongful levy of a writ of attachment may show, in mitigation of damages, that the property which he wrongfully took from the plaintiff has been applied for the benefit or advantage of the owner thereof; and this, too, even though such defendant was not the plaintiff in said attachment suit.

5. *Same; same; same.*—In an action of trespass to recover damages for the wrongful levy of a writ of attachment, the defendant should be allowed to introduce evidence tending to show that the plaintiff claimed the property levied on under a sale which was fraudulent and void as to the creditors or his vendor, and that the property levied upon, or a part of it, had been taken under a second attachment sued out by creditors of the fraudulent vendor and applied to the payment of their debts; such evidence being admissible in mitigation of damages recoverable by plaintiff.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. THOMAS R. ROULHAC.

This was an action of trespass brought by the appellee, Fred D. Bodman, against the appellants, Shelby Grisham, sheriff of Colbert county, and C. G. Mason, surety on an indemnifying bond made by the plaintiff in an attachment suit of C. L. Watson against Kirby & Sons; and sought to recover damages for the wrongful levy and taking of property under the writ of attachment. The defense interposed, and the material facts of the case are sufficiently stated in the opinion.

The defendants introduced evidence tending to show that in the sale by Kirby & Sons to Bodman, there was fraud, and that the sale was made for the purpose of hindering, delaying and defrauding the creditors of Kirby & Sons. The plaintiff moved to exclude all of this evidence from the jury, because the judgment in the attachment suit of Watson against Kirby & Sons showed that Kirby & Sons were not indebted to Watson at the time the attachment suit was instituted. The court sustained this motion and excluded said evidence, and to this ruling the defendants duly excepted. The defendants also offered in evidence the attachment and sheriff's return thereon in the case of Harris Bros. against Kirby & Sons, for the purpose of showing that the same property levied upon in the case of Watson v. Kirby & Sons, was

also levied upon by the sheriff under the writ of attachment issued in the case of Harris Bros. v. Kirby & Sons. The plaintiff objected to the introduction of this evidence, the court sustained the objection, and to this ruling the defendants duly excepted.

The court in its oral charge instructed the jury as follows: "The judgment in the case of C. L. Watson vs. Kirby & Sons shows that at the time Watson sued out the attachment Kirby & Sons were not indebted to him, and, therefore, the attachment was unlawful and wrongful, and in this case the only question for you to decide is the amount of damages which the plaintiff is entitled to recover." To the giving of this portion of the court's oral charge the defendant's separately excepted, and also separately excepted to the court's refusal to give each of the following written charges requested by them: (1.) "The question of indebtedness of Kirby & Sons to C. L. Watson can not be considered by you in making up your verdict except for the purpose of determining whether or not Kirby & Sons were insolvent." (2.) "If the jury believe from the evidence that the harness and wagons were put in the bill of sale to prevent the other creditor from attaching them, then your verdict should be for the defendants." (3.) "If the bill of sale was not intended as a *bona fide* sale of the property, but was made to enable them to move the property out of the State and evade their creditors, then the title to the property did not pass to Bodman & Co. under the bill of sale." (4.) "Fraud like crime may be proved by circumstances." (5.) "The plaintiff could not recover more damages for the lumber he bought at the sheriff's sale than (the price) he paid the sheriff with interest."

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the rulings of the trial court upon the evidence, the giving of the portion of the general charge excepted to, and the refusal of the court to give the several charges requested by them.

CANDLER & CANDLER, and KIRK & ALMON, for appellants.—The judgment entered by the court in the attachment case of *Watson v. Kirby* ought to have been excluded from the evidence on motion of the defendants. The defendants justify under an attachment issued from the

[Grisham v. Bodman.]

circuit court of Colbert county, Alabama. In justifying under the attachment he is not required to go beyond the attachment writ itself. The plaintiff in the trespass suit, like the claimant in a trial of the rights of property "can not controvert the indebtedness of the defendant," in the attachment suit to the plaintiff in that suit.—*Boswell v. Carlisle*, 55 Ala. 554. Whether there be a debt or not due from the defendants to the plaintiff in the attachment suit will not defeat nor sustain the action of trespass for wrongful levying on the property of a third party. The sole inquiry in this case is, whether the property levied on belongs to the plaintiff or whether he has such an interest in the property as will enable him to maintain the action of trespass —Drake on Attachments, (7th ed.), § 185.

2. The plaintiff can not be permitted to introduce evidence in this cause, touching the question of indebtedness of Kirby and Sons to C. L. Watson. In the proceeding to try the right of property wrongfully levied on which is a cumulative remedy to the action of trespass, trover and detinue, this court has said : "The claimant of goods, levied on as the property of another, is not concerned in the rightfulness of the levy of the execution, as to the defendant in execution, and can litigate no question except his own right to the property."—*Crosby v. Hutchinson*, 53 Ala. 5; *Abraham v. Carter*, 53 Ala. 8; *Treadway v. Treadway*, 56 Ala. 390; *Columbus Iron Works v. Renfro*, 71 Ala. 577. One salutary reason for not permitting the plaintiff, in trespass, and claimant in trials of the right of property to inquire into the validity of the claim, on which the attachment may issue, is that the defendant may or may not interpose a set-off to the claim on which the attachment was sued out. "Set-off is a defense and may be made or not at the option of the defendant. The plaintiff can not in t e absence of an agreement to that effect, apply it to the payment of his demand "—*Wharton v. King*, 69 Ala. 365. The judgment in the case of *Watson v. Kirby & Sons*, which the lower court admitted as evidence in this case, shows that it was rendered against the plaintiff in that cause on the defendant's plea of set-off, admitting thereby that the plaintiff had a good cause of action, which was defeated only by the plea of set-off, which may or may not be interposed by the defendant. He may bring an inde-

[Grisham v. Bodman.]

pendent action after judgment against him in the original suit.

3. The court erred in excluding from the jury the attachment writ and sheriff's return, showing that the property sued for was attached and sold to pay the debt of Harris Bros. If the evidence shows a fraudulent transfer of the property to Bodman & Co. and after defendant's attachment had been issued and levied on the same property, and the proceeds arising from the sale of the property has been paid to other creditors of Kirby & Sons, or that such proceeds are legally held by the sheriff for that purpose, the defendants in this suit can make proof of it to reduce the amount of plaintiff's recovery.—6 Waits Act. & Def. 114. The court erred in excluding from the jury all the evidence, tending to show fraud in the sale from Kirby & Sons to Bodman. Bodman's title to the property was assailed on the ground of fraud, and it may be assailed by any creditor of Kirby & Sons, whether the intention was to defraud the assailing creditor or some other creditor.—*Lehman, Durr & Co. v. Kelly,* 68 Ala. 192.

THOS. G. JONES, *contra.*—On the trial of this suit the complaint, pleas, replications and judgment in the attachment suit were admissible in evidence, as they would be the record of the court in an attachment case under which the appellant seeks to justify the taking.

The court in the attachment case adjudged that Watson had no debt owing him at the time of the attachment. If this be true it is immaterial, so far as appellants are concerned whether the purchase by appellee was *bona fide* or not. If appellants were not creditors of Kirby and if Watson had no debt against him, they had no concern with the disposition Kirby made of his property. They had no right to attach in Kirby's hand and no concern in any disposition he chose to make of his property. They were in no sense either creditors or purchasers, and as to all others there exists no right to examine into the transaction.—3 Brick. Dig.,514, § 105, and authorities there cited. The judgment in the attachment case was conclusive as to the non existence of the debt claimed by Watson.—*Pickett v. Pipkin,* 64 Ala. 520.

McCLELLAN, J.—This is an action of trespass *de*

[Grisham v. Bodman.]

*bonis,* &c., prosecuted by Bodman against Grisham and
Mason. The goods were taken by Grisham as sheriff
under a writ of attachment, and Mason was his indem-
nitor in respect of the levy. This writ issued at the
suit of Watson against Kirby & Sons, and was levied on
the property as belongi..g to the latter, though it was at
the time in the possession of Bodman, to whom Kirby &
Sons had just previously sold it in payment of a debt, as
was alleged. The defendants sought to justify under
the writ, averring that the sale and transfer by Kirby &
Sons to Bodman was made "for the purpose of hinder-
ing, delaying and defrauding said Watson and the other
creditors of Kirby & Sons," &c., and was, therefore,
fraudulent and void, &c. This was the only defense
attempted to be made, and it utterly failed on the evi-
dence. One essential constituent of it, that Watson was
a creditor of Kirby & Sons, was not only not proved on
the trial, but was affirmatively disproved; it was not
only not shown that at the time of the sale and transfer
by Kirby & Sons to Bodman, the former were indebted
to Watson, but, to the contrary, it was clearly shown by
the pleadings and judgment in the attachment suit that
they were not indebted to him at that time. The in-
debtedness claimed by Watson was nine hundred dollars
for a lot of logs which he alleged in his complaint in the
attachment suit he sold to Kirby & Sons on November
6th, 1894, and for which, he further alleged, they prom-
ised to pay him at the price of five dollars per thousand
feet, and that the logs measured 20,000 feet, "making
the amount due him $1,000, on which Kirby & Sons had
paid him $100," leaving the balance sued for. To this
complaint, the defendants, Kirby & Sons pleaded re-
coupment. This plea was sustained on the trial, and
the defendants upon it had judgment over against Wat-
son for $127.37. It is insisted by counsel for appellants
that this judgment was not evidence that Kirby & Sons
did not owe Watson the demand upon which the attach-
ment suit was brought; for, it is argued, that the judg-
ment "shows that it was rendered against Watson on
defendants' plea of set-off, whereby it was admitted
that the plaintiff had a good cause of action, a debt
against Kirby & Sons, which was defeated only by the
plea of set-off, which may or may not be interposed by
the defendant," &c. All this may be conceded in re-

[Grisham v. Bodman.]

spect of a plea of set-off and judgment sustaining it. That plea does, indeed, confess the debt sued on, but says plaintiff ought not to have judgment therefor because he owes the defendant a debt which the latter elects and offers to set off against the claim in suit. But counsel overlooked the fact that the plea here was not set-off at all, but *recoupment*, a very different defense; the gist and essence of which is that the defendant does not owe the claim sued on because in and about the transaction out of which plaintiff's supposed and relied on cause of action arose, he has suffered such damages through plaintiff's violations of his obligations and omissions of duties in the premises as when put against what plaintiff would have been entitled to recover but for such omissions and infractions reduce or destroy his claim. Recoupment is not merely a cross action, as is set-off; the plea does not confess the indebtedness counted on in the complaint and bring forward a counter indebtedness from the plaintiff to the defendant, as does the plea of set off; but its proposition is that plaintiff's claim is based upon a particular contract or transaction, that to entitle the plaintiff to the sum he claims it was upon him to comply with certain obligations of the contract or to discharge certain duties which the law imposed upon him in the making or performing of the contract, that he has failed to comply with such obligations or to discharge such duties, and that thereby the defendant has been so damaged in the particular transaction, or in respect of the particular contract, that the plaintiff is not entitled to recover; or, in other words, that the plaintiff has no debt or a less debt than he claims, as the case may be, against the defendant. For, as said by CHRISTIANCY, J.: "A defense by way of recoupment denies the validity of the plaintiff's cause of action to so large an amount as he claims. It is not an independent cross claim like a separate and distinct debt or item of account due from the plaintiff, but is confined to matters arising out of, or connected with, the transaction or contract which forms the basis of plaintiff's action. It goes only in abatement or reduction of plaintiff's claim, and can be used as a substitute only to the extent of plaintiff's demand. No judgment can be obtained by the defendant for any balance in his favor."—*McHardy v. Wadsworth,* 8 Mich. 349 ; Waterman on Set Off, p. 482, § 466.

[Grisham v. Bodman.]

And so it is said by the Supreme Court of Georgia: "The doctrine of recoupment is but a liberal and beneficial improvoment upon the old doctrine of failure of consideration. It looks through the whole contract, treating it as an entirety, and treating the things done and stipulated to be done on one side as the consideration for the things done or stipulated to be done on the other."—*Lufburrow v. Henderson*, 30 Ga. 482. While recoupment is at common law in some sense a means of enforcing a cause of action by the defendant against plaintiff, either wholly or partially as the defendant's claim for damages may or may not be less than plaintiff's demand, yet such cause of action is enforced not as an independent claim or debt of the defendant, but by way merely of *cutting off*, reducing the plaintiff's claim, so that the effect and result of a plea of recoupment sustained is an adjudication that to the extent of the sum recouped the plaintiff had no claim or debt. "For," as said by Mr. Parsons, "the essential difference between recoupment or reduction on the one hand, and set-off on the other, is that in set-off the ground taken by the defendant is that he may owe the plaintiff what he claims; but that a part or the whole of the debt is paid in reason and justice by a distinct and unconnected debt which the plaintiff owes him," * * * while on a plea of recoupment, "a defendant may deduct from the plaintiff's claim all just demands or claims owned by him, or payments made by him, in the very same transaction, or even in other but closely connected transactions. They must, however, be so connected as fairly to authorize the defendant to say that he does not owe the plaintiff on that cause of action, so much as he seeks, and not that he ought not to pay the plaintiff so much, because on another cause of action the plaintiff owes him. If he can so present and use his claims, he diminishes the plaintiff's claim by way of reduction."—2 Parsons on Contr., pp. 862-3. And this doctrine that recoupment goes, not to the effectuation of a counter claim as a set-off against plaintiff's demand, but in diminution, reduction and, it may be, to the destruction of plaintiff's claim or cause of action has been long recognized in this State, (*Peden v. Moore*, 1 Stew. & Port. 71; *Hatchett & Bro. v. Gibson*, 13 Ala. 587) ; so unequivocally and fully indeed that,

[Grisham v. Bodman.]

prior to the present statute which seems to contemplate or require a special plea, at least when a recovery over is sought, it was settled that this defense could be made under the general issue, which is a mere denial of the plaintiff's cause of action.—*English v. Wilson*, 34 Ala. 201. In *Washington v. Timberlake*, 74 Ala. 259, 263, it is said: "Recoupment applies when the *abatement* claimed springs out of the very contract or transaction on which the recovery is sought. It is entirely unlike set-off, which is in the nature of a cross action, and may rest on an independent legal demand, if that demand be of a class not sounding in damages merely." And in *Mayberry v. Leach*, 58 Ala. 339, the doctrine is thus stated: "A defense by way of *recoupment*, denies the validity of plaintiff's cause of action, to so large an amount as he claims. It is not an independent cross demand, like a separate and distinct debt or item due from the defendant, but is confined to matters arising out of or connected with the contract or transaction which forms the basis of plaintiff's claim." It is clear, therefore, upon principle and upon our own cases, as well as other authorities, that this defense, unaffected by statute, goes to the validity, *the existence* of the plaintiff's alleged debt or demand, and that, of consequence, a judgment for the defendant upon such plea (which our statute provides for) is a judgment against the existence of the claim sued on. Our statute, to which reference has just been made, provides that the defendant may have judgment simply, where the amount recouped equals plaintiff's claim, and judgment over, where such amount exceeds plaintiff's demand, (Code, § 2683) ; but the operation of this statute, its effect upon the defense of recoupment, has been expressly limited to the rendition of judgment for the defendant in the specified cases.—*Martin v. Brown*, 75 Ala. 442 ; *Ewing v. Shaw*, 83 Ala. 333. A comparison of this statute with section 2679 of the Code serves to further sustain the position we have announced as to the nature of the defense of recoupment, by showing that on a plea of set-off the defendant is not entitled to judgment unless his cross demand *exceeds* the claim of the plaintiff, while in recoupment the defendant has judgment if his claim *equal or exceed* plaintiff's demand. Now the only possible reason for this distinction is—and it is a perfectly

OF ALABAMA.

[Grisham v. Bodman.]

sound one—that in set-off the plaintiff has a debt against the defendant, is entitled to sue for its collection, and notwithstanding it may be satisfied by setting off against it an equal debt of the plaintiff against him, he yet recovers in a sense by the contemporaneous satisfaction of the counter claim, and hence is entitled to a judgment carrying costs; while in recoupment, if the damages brought forward by the defendant equal the plaintiff's alleged debt, they destroy it, not by way of satisfaction, but by way of demonstrating that it does not exist and did not exist when the suit was brought; so that the theory is that, having no debt when he sued, he had no right to sue, and is not entitled to a judgment carrying costs.

It is quite true that a defendant is not bound in general to set up matter in recoupment, and that, omitting to do so, he may afterwards, proceed by independent action to recover the damages which he might have recouped against the plaintiff. But we are unable to see why these considerations should have any bearing on the effect of a judgment rendered in defendant's favor when he elects to plead recoupment, and his plea is sustained. He might by failing to interpose the plea allow the plaintiff to *establish* a debt against him, just the same result might ensue from his failure to plead *non est factum* in an action against him on a forged promissory note; but if he does make the defense and it is sustained, the judgment is as conclusive against the existence of the alleged debt in the one case as the other.

Watson, therefore, not being a creditor of Kirby & Sons, the sale and transfer of the subsequently attached property by the latter could not be fraudulent and void as to him, whatever may have been its infirmities as between Kirby & Sons and Bodman, on the one hand, and creditors of the former, on the other; and not only does the special plea of justification, based on the writ and the supposed invalidity of the sale by Kirby & Sons to Bodman, fail of support in the evidence; but the plea of not guilty considered solely as a bar and defense to the action *in toto* is also lacking in support by the evidence. As between Watson and Bodman, the latter had a perfect title and the rightful possession of the property taken by the defendants. The writ against Kirby & Sons afforded them no justification for the taking. They were

[Grisham v. Bodman.]

trespassers pure and simple, though not willful or wanton trespassers; and the court did not err in saying to the jury that the only question for their consideration went to the measure of damages to be awarded the plaintiff.

But the trial judge, in our opinion, did err in several particulars bearing upon this matter of the measure of damages to which plaintiff was entitled. It is a thoroughly well settled doctrine of the law of trespass, that under the general issue a defendant may put in evidence, in mitigation of damages, the fact that the property which he has wrongfully taken from the plaintiff has been returned to the plaintiff, or has been applied for the benefit or advantage of the plaintiff with his consent, express or implied, or through legal proceedings instituted by third persons; and that to the extent such application has been made, the recovery, which ordinarily · would be the value of the property, is mitigated and reduced. This rule finds its most frequent illustration in cases where the property has been attached or levied upon in the hands of the trespassers by creditors of the plaintiff in trespass, or subjected to the satisfaction of some mortgage or other lien held by third persons, as against said plaintiff upon it.—*Hopple v. Higbee*, 3 Zab. (N. J.) 342; *Stewart v. Martin*, 16 Vt. 397; *Kaley v. Shed*, 10 Metc. (Mass.) 317; *City of Lowell v. Parker, Ib.* 309; *Montgomery v. Wilson*, 48 Vt. 616; *Bird v. Womack*, 69 Ala. 390; *Keith v. Ham*, 89 Ala. 594; *Street v. Sinclair*, 71 Ala. 110.

But the rule we have stated is based upon a principle which is broader than is illustrated in the cases we have just cited. It is that a plaintiff in trespass for the mere wrongful, as distinguished from wrongful and malicious, taking of property, is entitled to recover the value of his interest only in the property of which the trespass has deprived him. If, notwithstanding the trespass, the full value of the property, or of his interest in it, as the case may be, has directly or indirectly inured to his benefit, it cannot be said that he has been materially damaged, and his recovery would be nominal. If his interest is less than the whole, his damage would be gauged accordingly, however this diminution may have occurred. If it came to him in such a way as to be charged with any outstanding right existing between his vendor

and a third person whereby such third person is entitled
to subject it to a demand he has against such vendor,
and it is by him while in the hands of the trespasser sub-
jected to such demand, the amount of it is to be deducted
from the value of the property in the assessment of the
damages to which plaintiff in trespass is entitled.　Or,
in other words, trespass being an offense against the pos-
session, and maintainable by one who may have possès-
sion and only a qualified title, or even rightful posses-
sion alone, if he is not the owner, his recovery may be
tolled by so much of the value of the property as has
been applied to the use of the owner through the interpo-
sition of such third person under his right against the
owner.　Upon these considerations is laid down the
proposition by Mr. Waterman : "The defendant may show
in mitigation of damages that the property did not belong
to the plaintiff, and that it was applied for the benefit of
the owner.''　The cases cited above involved applications
for the benefit of the *plaintiff* in trespass.　The principle
upon which mitigation is allowed on that account also
embraces the application of the property for the benefit
of *the owner* though he be not the plaintiff in the action.
Now, in the present case evidence was offered tending
to show that third parties, Harris Brothers, were credit-
ors of Kirby & Sons at the time the latter sold and trans-
ferred this property to Bodman, the plaintiff, that this
sale and transfer was fraudulent and void so far as Harris
Brothers were concerned, and, of consequence, they had
as against Bodman the right to subject the
property to the payment of their debts against
Kirby & Sons, and that they attached the property after
it had been wrongfully taken by the defendants and sold
the same, applying the proceeds to the payment of their
debt against plaintiff's vendor.　Assuming the state of
case which this evidence went to prove, Kirby & Sons
were the owners of the property so far as Harris Broth-
ers were concerned, and the interest of Bodman in it
was secondary to the claim of Harris Brothers ; he in-
deed had no interest except in that part of it which re-
mained after they had realized their debt out of it; and
in so far as they applied it to the payment of their debt
against Kirby & Sons, it went to the use and benefit of
the *owner*, and to that extent Bodman's claim for dam-
ages was less than the value of the property wrongfully

taken by the defendants, and should be mitigated accordingly. The cases on this application of the principle are not numerous, but they support the text quoted above, are satisfactory in their reasoning and have never been challenged, that we are aware of, but, to the contrary, have been frequently approved. One is the case of *Squire v. Hollenbeck*, 9 Pick. (Mass.) 551, an action of trespass for the taking of a horse. The plaintiff proved that the defendant took the animal out of plaintiff's possession. "The defendant offered to prove that the property was in [a third person] one Crippen, and that one Baldwin, [also a third party] being a creditor of Crippen, caused the mare to be attached by a deputy sheriff, and taken out of defendant's possession, and that the mare was sold according to law and the proceeds applied to the proper debt of Crippen. The defendant was a stranger claiming to set up the property of Crippen, in mitigation of damages, without any authority from Crippen to act for him." The trial judge ruled against the admission of this evidence offered by defendant; and on appeal, the Supreme Court of Massachusetts said: "It is clear that it is not competent to a defendant in trespass for the taking of goods, to plead property in a stranger, and upon sound principle; for the trespass may be an injury to the possession. The question to be considered is, whether, if the property comes to the use of the owner, evidence of that fact may not be received in mitigation of damages; and we all think it may be. The reason why a party having possession should maintain trespass is, that he may have sustained injury by being deprived of the goods; nor should his claim of damages be construed strictly. Ordinarily he is either the owner or answerable over to the owner; and in either case he is entitled not only to damages for the taking, but also for the value of the goods. Possession is *prima facie* evidence of title, and unless the contrary is shown, it is sufficient to entitle the plaintiff to recover for the value. But here, if the allegation of the defendant can be made out by proof, the plaintiff is not answerable over. The real damage then sustained by him, arises from the injury to his special property, and he ought not to recover for the value of the mare. The evidence which was rejected ought to be received, and the burden will rest on the defendant to prove satisfactorily the fact

[Grisham v. Bodman.]

alleged, in order to justify a reduction of the damages.''
It does not appear by the report of this case of *Squire v.
Hollenbeck* whether or not the title was in Crippen as be-
tween him, Baldwin, the creditor and the plaintiff in
trespass on the theory that the latter was a fraudulent
transferee of Crippen ; but that is an immaterial consid-
eration, as is demonstrated by the later case of *Perry v.
Chandler*, 2 Cush. (Mass.) 237, where the facts are epi-
tomized in the headnote as follows : ''Personal proper-
ty, under mortgage, and in the possession of the mort-
gagee, was attached on mesne process by a creditor of
the mortgagor,and taken into the custody of the officer,the
creditor then instituted proceedings against the mortgag-
or in the district court, upon which he was adjudged a
bankrupt, and the attaching officer was appointed his
assignee ; the mortgaged property was subsequently sold
by the assignee, under a license from the district court,
and the proceeds distributed among the creditors of the
bankrupt ; and, upon the petition of the assignee, the
mortgage was declared null and void, by the district
court, as having been in contravention of the bankrupt
law, and ordered to be delivered up to the assignee to be
cancelled ;'' and upon these facts the court held that an
action of trespass by the mortgagee against the sheriff,
for the act of his deputy in attaching the mortgaged
property, might be maintained ; but the defendant
might show the subsequent proceedings in mitigation of
damages and thereby confine the recovery to nominal
damages only. The court said : ''In the case of *Pierce
v. Benjamin*, 14 Pick. 356, where the action of trespass
was maintained, the sale of the property being held ille-
gal, yet the defendant was allowed to give in evidence
the application of the proceeds to the payment of taxes
due from the plaintiff, in reduction of the damages. In
the case of *Kaley v. Shed*, 10 Met. 317, the defendant
was allowed to show, in mitigation of damages, that the
property had been taken from him by an attachment in
an action against the plaintiff as the plaintiff's property.
The case of *Squire v. Hollenbeck*, 9 Pick. 551, is more in
point, because it presents a case, where, as in the case
at bar, the avails of the property did not go to the use or
benefit of the plaintiff. The damages were allowed to
be reduced, by showing that a third person had an in-
terest in the property ; and that although the possession

[Grisham v. Bodman.]

of the plaintiff was violated, for which violation he might maintain an action; yet that there was a third person having a paramount title, and that the avails of the property, or the property itself, had gone to his use. The application of the principle, which was settled in that case, seems to authorize the ground assumed by the defendant, in the present case, as to the reduction of the damages." The foregoing case is substantially the same as the one at bar on the question under consideration. The defendant was allowed to mitigate damages against the plaintiff in trespass by showing that the latter was a purchaser from a third party, that the purchase money was paid to the creditors of such third party and that the avails of the property had been applied to the use of the debtor as *the owner* thereof by way of paying his debts in whole or in part. These cases have been frequently reaffirmed by the Supreme Court of Massachusetts, and have received the approval of text writers.—*Bartlett v. Kidder*, 16 Gray, 278 ; *City of Lowell v. Parker*, 10 Metc. 309 ; *Kaley v. Shed*, 10 Metc. 317 ; *King v. Bangs*, 120 Mass. 514 ; *Dahill v. Booker*, 140 Mass. 308 ; 1 Waterman on Trespass, §§ 616, 617 ; 2 Green. Ev., §§ 272, 616, 635a.

The defendants should, therefore, have been allowed to show that the property which they wrongfully took from the plaintiff had to some extent been rightfully appropriated by Harris Brothers to the satisfaction of their claim against Kirby & Sons, and the evidence offered by them to this end, tending to show that Kirby & Sons were indebted to Harris Brothers at the time of the sale and transfer of this property by the former to Bodman, that said sale and transfer were fraudulent and void as to the creditors of Kirby & Sons, and that the property, or some part of it, had been applied to the payment of Harris Brothers' debt, and thus to the use of the owner thereof, should have been received in mitigation of damages. It was error to exclude from the jury all the evidence going to show fraud in said sale and transfer, which had been admitted, but was subsequently ruled out on plaintiff's motion, and to exclude the writ of attachment and sheriff's return thereon in the case of *Harris Brothers v. Kirby & Sons*, offered to show that this property was also levied on in that case and sold to pay Harris Brother's debt.

[Tatum v. Tatum.]

It is unnecessary to discuss the charges given and refused in detail. The part of the court's oral charge to which an exception was reserved is sound and would have been so had all the evidence improperly excluded been admitted. With this evidence in, some of the charges refused to defendants should be given. Charge 3 is in this category, and may be charge 4, though the interpolation of the words "like crime" therein might justify its refusal. Charges 1 and 2 would have been improper with all the proposed evidence in. Charge 5 is abstract because the facts hypothesized are not in the abstract.

Reversed and remanded.