(124 So. 880)

## SAMFORD v. GOING ROAD MACHINERY CO. (3 Div. 898.)

Supreme Court of Alabama. Oct. 24, 1929.

Rehearing Denied Dec. 19, 1929.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

W. C. Dalrymple, of Birmingham, and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

SAYRE, J. Action of trover by appellee against appellant for the conversion of a cement mixer and hoist used in connection therewith.

The conversation between Going, of the plaintiff company, and Lemmon, who testified as a witness for plaintiff, was competent and relevant as going to show Lemmon's agency for plaintiff in his communications with defendant, which communications were properly admitted in evidence as tending to show a conversion by defendant of plaintiff's property as alleged in the complaint. 22 C. J. pp. 287, 288, §§ 313, 314.

The judgment of the court here is that plaintiff was entitled to recover as in general was the judgment of the trial court where the case was tried without a jury. But we have been unable to determine from the evidence as to the value of the property at various times on just what theory the trial court proceeded in assessing plaintiff's damages. We do gather that the court awarded a recovery for the full value of the property at the time of the conversion, and this was correct. It is true that, on the contract by which plaintiff had sold the property to Griffith-Turner, who purposed to use it in the execution by them as subcontractors under defendant in the construction of buildings for the federal government in West Virginia, plaintiff had allowed a credit of $225, for an old machine then taken in part payment, and that plaintiff retained title to secure the balance. But that contract, according to the evidence for plaintiff, had been discharged by the mutual consent of the parties to it when the Griffith-Turner concern failed in business and abandoned the building contract, whereupon defendant had taken possession of the property in controversy, denied plaintiff's right, and used the property in the further execution of his building contract to its great detriment. We are in agreement with the trial court in its acceptance of the foregoing version of the facts, and this authorized an assessment of damages at the full value of the property converted, without deduction on account of the old machine taken in part payment. Defendant was a stranger to that contract—the contract of purchase between plaintiff and Griffith-Turner—and as against him plaintiff was entitled to recover the full value of the converted property as of the time of its conversion. Forbes v. Plummer, 198 Ala. 162, 73 So. 451; 38 Cyc. 2089.

The only question of difficulty in the case arises out of the necessity to fix the value of the property as of the time of the conversion, September, 1927. The original selling price furnished no safe criterion as to value. 38 Cyc. 2100. In the trial court the judgment, rendered in October, 1929—intended, we suppose for 1928, since October, 1929, has not arrived at this writing—was for $743. The property in suit was used by Griffith-Turner about 50 days and the evidence was that machinery of its kind degenerates rapidly under use. The best judgment of the court here is that plaintiff should have had judgment for $500, with interest from September 25, 1927. Accordingly judgment will be rendered here. Appellee will pay the costs.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.