191 So. 614

**W. CLEVE STOKES CO., Inc., v.
RUSHTON.**

**3 Div. 301.**

Supreme Court of Alabama.

Oct. 5, 1939.

Rehearing Denied Nov. 2, 1939.

Alex C. Birch, of Montgomery, for appellant.

Ballard & Ballard, of Montgomery, for appellee.

460

BROWN, Justice.

The complaint as originally filed consisted of counts in trover, trespass and detinue. It appears from a statement in the court's oral charge to the jury, which was reduced to writing and incorporated in the record, that the counts in trespass and detinue were withdrawn by the plaintiff. This amendment of the complaint is not otherwise shown, and to sustain the court's rulings on objections to the admission of evidence it will be assumed that the withdrawal of said counts was after the introduction of evidence was concluded.

Therefore, under the count in detinue, it was permissible for the plaintiff to adduce evidence of the value of the use and hire of the automobile during its wrongful detention, if it was wrongfully detained by the defendant, and this under phases of the evidence was a question for jury decision.

The evidence by the plaintiff tends to show that he had paid all installments up to and including the installment falling due on September 15, 1937; that, thereafter he delivered to the defendant a desk and chair in payment of the installments due in October and November 1937, and that the same was accepted in payment of said two installments. Taking this view of the evidence the next installment was payable on the 15th day of December, 1937, and plaintiff had all of said day to meet his obligation and preserve his possessory right—his special property—in the automobile. There is evidence showing that defendant by entering into an agreement with plaintiff to take the car and hold it in storage until January 1, 1938, in which time plaintiff could pay the installment and obtain his car, defendant obtained possession of the automobile. There is evidence tending to show that the car was immediately sold, and that defendant, when said agreement was made, did not intend to perform it. "A promise, made without any intention of performing it" is deceit. Code 1923, § 7354; Prowell v. Wilson, 219 Ala. 645, 123 So. 38.

True, the evidence offered by the defendant and its tendencies was in sharp conflict with that of the plaintiff. Its evidence tended to show that the installments due in October and November had not been paid; that the automobile was taken by it and put in storage until January, 1938, and that no tender or offer to pay the past due installments was made as plaintiff had previously testified.

If, as the plaintiff's evidence goes to show, the defendant tortiously obtained possession of the automobile before plaintiff had defaulted in the payments, and immediately disposed of the same in total disregard and denial of the plaintiff's right, then this constituted in law a conversion, and the plaintiff at the time having a special property in the automobile and entitled to its possession, the action of trover is maintainable. In such circumstances the conversion took place when defendant, through deceit, obtained possession of the property. Fields v. Copeland, 121 Ala. 644, 26 So. 491; Sullivan v. Miller, 224 Ala. 395, 140 So. 606.

At that time, assuming that plaintiff's testimony was true, he had a special property in the automobile and was entitled to its possession. Manufacturers' Finance Acceptance Corporation v. Woods, 222 Ala. 329, 132 So. 611; McCarty-Greene Motor Co. v. House et al., 216 Ala. 666, 114 So. 60.

The measure of damages in such case, in the absence of evidence showing a wilful conversion, fraud or gross negligence, is the value of the mortgagor's special property in the chattel represented by the difference between value of the property, where such value exceeds the amount of the mortgage debt, and the balance due on the mortgage debt at the time of the conversion, with interest from the date of the conversion. If the value of the property does not exceed the debt only nominal damages are recoverable.

The effect of plaintiff's recovery is to vest title to the chattel in the defendant mortgagee in satisfaction of the balance due on the mortgage. McGowen & Wife v. Young, 2 Stew. 276; Bird v. Womack, 69 Ala. 390; Karter v. Fields, 130 Ala. 430, 30 So. 504; McClure et al. v. Hill, 36 Ark. 268; 14 C.J.S., Chattel Mortgages, page 830, § 226.

The witness Bradshaw, who qualified as a witness, testified that the automobile in question was worth from Four Hundred and Seventy-Five Dollars to Five Hundred Dollars. He testified that the mechanical condition of the automobile was good. There was other evidence showing how much had been paid on the mortgage debt and the balance due thereon. This

evidence afforded sufficient data from which the jury could ascertain the value of the plaintiff's special property. Samford v. Going Road Machinery Co. 220 Ala. 306, 124 So. 880.

Charges 2 and 3, requested by the defendant, were well refused and the motion for new trial was properly overruled.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.