[Boswell & Woolley v. Carlisle, Jones & Co.]

# Boswell & Woolley *v.* Carlisle, Jones & Co.

*Trespass by Mortgagee of Growing Crops, against Attaching Creditor of Mortgagor.*

1. *When action lies.*—The gist of the action of trespass being the injury to the possession, the plaintiff, to entitle himself to a recovery, must show that, as against the defendant, at the time of the injury, he had the rightful possession, either actual or constructive; and he can not recover on his general property, which draws to itself the possession when there is no intervening adverse right of enjoyment, if, at the time when the injury was committed, he had conferred upon another the exclusive right of present enjoyment, reserving to himself only the right to take or resume possession at some future time, or on the happening of some future event or contingency.

2. *Mortgagee's right of possession.*—At law, the mortgagee of chattels has the entire legal property, with the right of immediate possession, even before the law-day of the mortgage, unless, by express stipulation, or by reasonable inference from the express stipulations, the right of possession is reserved to the mortgagor.

3. *Same; when mortgagee may maintain trespass.*—Under a mortgage of a growing crop of cotton, corn, &c., to secure a debt for advances made and to made during the season; containing an express stipulation, that the mortgagor should deliver a specified number of bales of cotton on the first day of November, and the remainder on the first day of the next January, if practicable, with condition that, if default should be made in the payment of the debts as specified, the mortgagee was then authorized to take possession; the mortgagee has no right of possession until default has been made, which can not occur before the first day of November; consequently, he can not maintain trespass against a creditor of the mortgagor, for levying an attachment on the crop before that day.

4. *Claim suit by mortgagee; conclusiveness of judgment.*—A mortgagee of personal property may, by statutory provision (Code, § 3349), interpose a claim, and try the right of property with an attaching creditor of the mortgagor; but a judgment in his favor, while it determines the validity of his mortgage, and requires the attaching creditor to pay the mortgage debt before subjecting the property to his own demand, does not establish the mortgagee's right to the possession at the time of the levy or seizure.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. GEO. H. CRAIG.

This action was brought by Edward K. Carlisle and Alex. W. Jones, as partners composing the firm of Carlisle, Jones & Co., against William H. Boswell, Basil M. Woolley, and John P. Mitchell, to recover damages for the illegal seizure of certain personal property, described in the complaint as "seven bales of cotton, eighty-four thousand pounds of cotton in the

seed, and twelve hundred bushels of corn;" and was commenced on the 27th day of October, 1874. The defendants pleaded, 1st, not guilty; 2d, that the trespass complained of was the seizure of the said personal property, under an attachment at the suit of said Boswell & Woolley; that the plaintiffs interposed a claim, under the statute, for the trial of the right of property, and thereby released the sheriff, who had made the levy, from all damages for the seizure; and that the only trespass committed by the defendants was committed by them jointly with the sheriff in making said levy and seizure. The judgment-entry only shows that the cause was tried "on issues joined."

On the trial, as appears from the bill of exceptions, "the plaintiffs read in evidence the original affidavit and bond for attachment, with the indorsements and return thereon, and the record of the proceedings and judgment, in the suit of Boswell & Woolley against Henry C. Spears, defendant, and Carlisle, Jones & Co., as claimants." Said attachment was sued out on the 23d day of September, 1873, claiming a debt of $5,391.10 as due from said Spears to Boswell & Woolley, "for advances furnished under sections 1858, 1859, and 1860 of the Revised Code, for the purpose of making a crop on the Spears' ' Home place' and 'Beene place' in Dallas county in the year 1873," on the ground that "said Spears has removed a portion of said crop from said plantation, without the consent of said Boswell & Woolley, and without paying for said advances." Mitchell, one of the defendants in this suit, was the surety on the attachment bond. The attachment was levied by the sheriff, on the 24th and 25th September, 1873, on the cotton and corn grown on said two plantations; and a claim to the property having been interposed by Carlisle, Jones & Co., on the 1st October, affidavit made, and bond given, as required by the statute, the sheriff delivered the property to them. At the ensuing Spring term of the court, 1874, an issue was made up to try the right of property so levied on; the plaintiffs in attachment averring, that the property "is the property of said Henry C. Spears, and is subject to the levy of said attachment:" and the claimants denying "that said property is subject to said attachment." A trial was had at the same term, which resulted in a verdict and judgment for the claimants, "that they go hence, and recover their costs," &c.

These are all the facts shown by the record of that suit, as copied in the bill of exceptions. But a bill of exceptions was reserved on that trial, by the plaintiffs in attachment, on which the case was brought to this court; and the judgment was here affirmed, during the December term, 1876, as shown by the report of the case (55 Ala. 554–70), where, also, the mortgage

under which the claimants derived title to the property is set out at length. This mortgage was dated the 3d March, 1873; recited an indebtedness by said Spears to Carlisle, Jones & Co., for advances made and to be made to enable him to raise a crop; conveyed "all the crops of corn, fodder, cotton, or other produce, that may be raised and grown by me [Spears], and under my control, on said plantation the present year;" contained a stipulation that the mortgagor should deliver to the mortgagees, for sale, sixty bales of cotton on or before the 1st day of November, 1873, and the residue on or by the 1st January, 1874, or as soon thereafter as practicable; and was conditioned as follows: "If I, the said Henry C. Spears, shall ship and deliver, as specified above, the quantity of cotton hereinbefore obligated, to said Carlisle, Jones & Co., on or before the dates mentioned for delivery, to be sold by them on my account as before stated, and from the proceeds thereof pay off my said note," &c., "with all interest due thereon, and commissions on any deficit in shipments of cotton, then this conveyance shall be void and inoperative; but, in the event of a failure on my part to fully pay off the amount of my said indebtedness at maturity, then said Carlisle, Jones & Co., their agents, or attorney, are hereby authorized and empowered to take possession of said crops of corn, fodder, cotton," &c. The plaintiffs read this mortgage in evidence, and also a mortgage from said Spears and his wife to said Boswell, dated the 21st February, 1872, which had been read in evidence by the plaintiffs in attachment on the trial of the claim suit, and which is set out in the report of that case. "The plaintiffs then proved that they had interposed a claim to try the right of property to said property so levied on, and employed counsel to prosecute their said claim, and paid them for their services $400; and that said legal services were worth that sum. They proved, also, by the deputy-sheriff who levied said attachment, that the property levied on was correctly described, but that neither of the defendants was present, or assisted in making said levy, so far as he knew. This was all the evidence in the case; and the court thereupon charged the jury, at the request of the plaintiff, that if they believed the evidence, they must find a verdict for the plaintiffs, for the value of the attorney's fee paid by them, as shown by the evidence." This charge, to which an exception was reserved by the defendants, is now assigned as error.

SATTERFIELD & YOUNG, and LAPSLEY & NELSON, for appellants.

BROOKS & ROY, contra.

BRICKELL, C. J.—The *gist* of an action of trespass is the injury done to the possession; and, of consequence, to support it, the plaintiff must show that, as to the defendant, he had, at the time of the injury, rightful possession, *actual* or *construct-ive.* The general property draws to it the possession, if there be no intervening adverse right of enjoyment. But, if the general owner has parted with the possession, conferring on an-other the exclusive right of present enjoyment, retaining in himself only the right to take or resume possession at some fu-ture time, or on the happening of some contingency, or event in the future, his right of possession is in *reversion*; and he can not maintain trespass for an injury to the property, while the particular right of possession is continuing.—2 Greenl. Ev. §§ 614–16; *Davis v. Young,* 20 Ala. 151; *Nelson v. Bondu-rant,* 26 Ala. 341.

The title of the appellees to the corn and cotton, for the tak-ing of which the present action was brought, was that of mort-gagees.—*Boswell v. Carlisle,* 55 Ala. 554. In a court of law, a mortgage is more than a mere security for a debt. In lands, it creates a direct, immediate estate—a *fee simple,* unless other-wise expressly limited. In chattels, it vests the entire legal property. The fee in the lands, and the title in chattels, is con-ditional,—subject to be defeated, if the condition annexed is performed, as performance may be appointed. If in the con-veyance there is not a reservation, or a stipulation, that the mortgagor may remain in possession, until default in the per-formance of the condition, or until the happening of some other event, or of some other contingency, the mortgagee has the right of entry on lands, and of possession of chattels. The mortgagor, if remaining in possession, is a mere tenant at will of lands, or bailee of chattels, and may be ejected, or dispossessed, at the will of the mortgagee, though the law-day of the mort-gage has not arrived. This is the relation the mortgagor and the mortgagee sustain to each other. Having the legal title to the chattels, and, as an incident, the right to the immediate possession (if there be not a restraining stipulation, or a con-trary reservation), the mortgagee may maintain trespass for an injury to them while remaining in the visible, manual posses-sion of the mortgagor.—*Ellington v. Charleston,* 51 Ala. 166; *Thrash v. Bennett,* 57 Ala. 154; *Watford v. Oates, Ib.* 290. But, if there is a stipulation, or a reservation, directly expressed in the mortgage, or matter of just and reasonable implication from its terms and conditions, that for a particular period the mortgagor shall remain in possession, during that period, and while possession continues in the mortgagor, for a wrong and injury to the chattels, however it may affect the title of the mortgagee, and his reversionary right to the possession,

trespass is not an appropriate remedy.—*Davis v. Young, supra; Fairbanks v. Bloomfield*, 5 Duer (N. Y.), 436; *Hathaway v. Brayman*, 42 N. Y. 322; *Hull v. Carnley*, 1 Kern. (N. Y.), 501.

The mortgage, under which the appellees deduce title and the right to possession, is of growing crops of corn, cotton, and other produce, to secure the payment of debts due, a debt falling due, and advances it was contemplated would be made to the mortgagor during the season for the growing and gathering of the crops. An express stipulation of the mortgage is, that on the succeeding first day of November, the mortgagor should deliver to the mortgagee sixty bales of the cotton crop, and the remainder on or before the first day of January, if practicable. The condition expressed is, that if a sufficiency of cotton was delivered to pay the debts, the mortgage was to be void; but, if there was default in the payment of the debts, the mortgagees were authorized and empowered " to take possession of said crops of corn, fodder, cotton, and other produce," &c. The right of the mortgagees to the possession of the crops is thus, by the terms of the mortgage, limited and confined to the default of the mortgagor in keeping and performing its conditions. They could not be broken at any earlier period than the first of November, when he was bound to make the first delivery of cotton. The corn and cotton, the taking of which is the *gist* of the present action, was in the rightful possession of the mortgagor, when the taking and asportation occurred,—a possession he could have successfully maintained against the claim or demand of the mortgagees; and it follows, that, however wrongful and injurious to them it may have been, trespass is not the remedy to which they can resort.

A mortgagee of personal property may interpose, and support a claim for the trial of the right, if the property is levied on by execution or attachment against the mortgagor, though the law-day of the mortgage has not arrived.—Code of 1876, § 3349. A judgment in his favor, on the trial of the claim, determines only the validity of the mortgage, and that before the plaintiff in the process can reach the property, he must pay the mortgage debt. It is only the validity of the mortgage, and the liability of the property to levy and sale under the process against the mortgagor, which is, or can be, litigated in the claim suit. Whether the right of immediate possession at the time of the levy resides in the mortgagor, or in the mortgagee, is not, and can not, under the statute, become a material issue in the suit; for, whether it resides in the one or the other, if the mortgage is valid, the claim of the mortgagee must be supported, and the remedy of the creditor is to pay the mortgage debt, and sell the property for his reimbursement, and for the satisfaction of his

[Foster v. Johnson.]

·own demand. It is only in reference to the matter of suit,—
the question put in issue and decided,—that a judgment is a
bar to, or evidence in, a subsequent suit.—*Davidson v. Ship-
man*, 6 Ala. 27; *Chamberlain v. Gaillard*, 26 Ala. 504. The
judgment in the claim suit was not evidence of the right of the
appellees to the possession of the corn and cotton at the time of
its seizure by the sheriff.

This view is conclusive of the case, on the facts shown by
the record, and it is unnecessary to look into other questions.
The Circuit Court erred in the charge given to the jury.

Reversed and remanded.