[Heflin & Phillips v. Slay.]

# Heflin & Phillips *v.* Slay.

*Trover and Case for Conversion of Mare.*

1. *Mortgage of personal property; right of possession.*—A mortgage of personal property vests in the mortgagee a defeasible legal title, and, in the absence of a stipulation to the contrary, a right of immediate possession; but, when the right of possession until default, or for any definite period, is reserved to the mortgagor by express stipulation, or by reasonable implication, he has an interest which may be sold under execution against him, or may be assigned by him to another.

2. *Same; when mortgagee may maintain trover.*—When the mortgagor, being in possession before default, and having the right of possession under the terms of the mortgage, sells the entire property to another, who has notice, either actual or constructive, of the mortgage, the purchaser acquires only the interest of the mortgagor, and holds subject to the mortgage; but the mortgagee, while he may maintain a bill in equity to prevent a threatend removal of the property, or a special action on the case for the injury to his lien, can not maintain an action of trover before default, not having the right of possession until then.

3. *Registration as constructive notice.*—The registration of a mortgage operates as constructive notice to all purchasers from the time it is deposited in the proper office.

4. *Admissibility of declarations as part of res gestæ.*—The declarations of the seller, to the purchaser of personal property, at the time of the sale and delivery, are competent evidence on the principle of *res gestæ.*

APPEAL from Chambers Circuit Court.

Tried before the Hon. JAS. E. COBB.

This was an action of trover, with case joined, commenced by the appellants, to recover the value of a mare alleged to have been converted by the defendant. The plaintiffs proved the execution of two mortgages on the mare, by one C. C. Johnson, one bearing date April 24th 1883, in favor of plaintiffs, and due October 1st, 1883; the other bearing date April 7th, 1883, in favor of H. J. Simpson, and also due on October 1st, 1883, which last mortgage was duly transferred to plaintiffs, before the law-day thereof. Both of these mortgages were duly recorded in Chambers county. It was shown that, after the mortgages were recorded in Chambers county, but before the law-day of either mortgage, the defendant swapped a mule to said Johnson, who at that time resided in Chambers county, for the mare, without the knowledge or consent of the plaintiffs, and that this trade took place in Chambers county. The defendant, while on the stand as a witness, having testified that he swapped a mule for the mare, and that he had afterwards

[Heflin & Phillips v. Slay.]

traded the mare for another mule, to one Hardy, was asked, "What he said to Hardy about the mare which he was trading to him?" To this question the plaintiffs objected; their objection was overruled, and they excepted. The defendant then stated, that he told Hardy, while he was making the trade with him, that the two mortgages mentioned above covered the mare, and that this conversation took place in the absence of plaintiffs. The plaintiffs then moved to exclude this evidence, which the court refused to do, and they excepted. This witness further testified, that about the 5th of October, 1883, an agent of plaintiffs made a demand on him for the mare, and was informed that she was in the possession of Hardy, who lived in Randolph county. It was shown by other witnesses that Hardy was in possession of the mare, and had made no attempt to conceal her.

The defendant requested the court to give the following written charge, which the court gave, and the plaintiffs excepted: "If the jury believe, from the evidence, that Johnson attempted to pass to Slay the absolute title to the horse, when he only had an equity of redemption under a mortgage, then he passed to Slay only such title as he had in the property, provided that Slay was charged with actual or constructive notice of the existence of said mortgage."

The plaintiffs then asked the court to give the following written charges, which the court refused to give, and they excepted: (1) "That the filing and recording of said mortgages in the probate office of Chambers county made them notice to all persons, from the date of said filing in said office; and that after such time, and while said mortgages were unpaid, no person dealing with the mortgagor, Johnson, in regard to the property included in said mortgages, without the consent of the mortgagees, could be held and deemed an innocent purchaser." (2) "A stipulation in a mortgage of personal property, that the mortgagor shall remain in possession until breach of condition, is personal to the mortgagor, and can not be assigned or transferred. The mortgagee may bring trover against the purchaser from the mortgagor before breach of condition."

The charge given, and the refusal of the charges asked, are now assigned as error.

DOWDELL & DENSON, for appellant.—The error of the court in refusing the first written charge is plain.—Code of 1876, § 2153. A stipulation in a mortgage of personal property, that the mortgagor shall remain in possession until breach of condition, is personal to the mortgagor, and can not be assigned or transferred. The mortgagee may bring trover, before breach of the condition, against the purchaser from the mortgagor.

[Heflin & Phillips v. Slay.]

This charge is copied, word for word, from Hilliard on Torts, (4th Ed.), 615, § 6; Jones on Chattel Mortgages, § 460; *McLeod v. Bernhold*, 32 Ark. 671; *White v. Phelps*, 12 N. H. 382; *Bellune v. Wallace*, 2 Rich. 80; *Spriggs v. Camp*, 2 Speer, 341.

JOHN S. JEMISON, *contra.*   (No brief on file).

CLOPTON, J.—A mortgage of personal property vests in the mortgagee a defeasible legal title, and confers, in the absence of contrary provisions, a right to immediate possession. The mortgagor, if possession remains with him, is a bailee, having an interest in the property—a right to perform the appointed condition, and defeat the title.   An express stipulation, or its equivalent in respect to possession, determines the rights of the parties.   If the mortgage contains a restrictive stipulation, or inconsistent reservation, or expresses conditions, from which a reasonable implication arises that the mortgagee's right to possession, as incidental to his right of property, is postponed until default, or for any definite period, the right to possession until the expiration of the specified period is in the mortgagor.   In such case, the mortgagee's right of possession is in its nature reversionary.—*Boswell v. Carlisle,* 70 Ala. 244; *McMillan v. Otis,* 74 Ala. 560.

We can not assent to the proposition, insisted on by counsel, that a stipulation in a mortgage, that the mortgagor shall remain in possession until breach of condition, is personal to the mortgagor, and can not be assigned or transferred; and, if assigned or transferred, that the mortgagee may bring trover, before breach of condition, against the purchaser from the mortgagor.   There are respectable authorities which support the rule as stated, where the mortgagor has disposed of the property in exclusion of the mortgagee's rights; but it disregards the nature and character of the interest of the mortgagor in the property, and is inapplicable where the distinctions between forms of action are preserved.   Notwithstanding a defeasible legal title is vested in the mortgagee, as to all other persons the mortgagor is considered the owner.   He has a substantial and valuable interest in the mortgaged property—an equity of redemption—and with a stipulation for possession, has a right to the *usufruct* during the stipulated time.   His interest is of such assignable character, that it may be levied on and sold under execution at law; and the purchaser acquires all the interest and rights of the mortgagor—the right to redeem, and to possession and use, until the mortgagee is, by the terms of the contract, entitled to possession.—*Harbinson v. Harrell,* 19 Ala. 753; Code, § 3209.   Where, by the conditions of the

[Heflin & Phillips v. Slay.]

mortgage, the mortgagor has the right to remain in possession until default, the mortgagee has no authority to interfere, and is liable if he interrupts the mortgagor's intermediate possession. Before condition broken, a mortgagor, in possession of personal property covered by the mortgage, having the right to possession, has an interest which is the subject of sale and assignment, if there are no terms in the mortgage restraining his power of control and disposition.—*Doughten v. Gray*, 2 Stockt. 323 ; *Daly v. Proctz*, 20 Minn. 411 ; *Paulling v. Barron*, 32 Ala. 9 ; 1 Schoul. on Per. Prop. § 431 ; Jones on Chat. Mort. § 454. But the mortgagor must use, control and dispose of the property, in subordination to, and in recognition of the claim of the mortgagee. He can not assume to dispose of it as his own ; and a sale of the entire property is in exclusion of the mortgagee's rights, and is a conversion. A purchaser with notice, actual or constructive, acquires no greater or higher interest than the mortgagor can transfer ; and takes the property subject to the incumbrance of the mortgage. Such disposition of the property is an invasion of the rights of the mortgagee, for which he has a right of action.

To support the action of trover, the plaintiff must have, not only a general or special property in the chattels, but also actual or constructive possession, or the right to immediate possession, at the time of the conversion.—*Nations v. Hawkins*, 11 Ala. 859. The right to possession in the future, whether determinate, or contingent on the happening of some event, or the default or omission of another in possession, is not sufficient. It may be conceded that the general owner has a constructive possession against his bailee, which will enable him to maintain trover for a conversion by the bailee during the term of the bailment.—*Atkinson v. Jones*, 72 Ala. 248 ; *Nelson v. Bondurant*, 26 Ala. 341. This rests on the principle, that the wrongful act terminates the bailment, and the general owner has the right to resume the immediate possession ; in other words, the interest of the wrong-doer is determined, and the possession, in legal contemplation, reverts to the general owner. But, where the owner has, by agreement, transferred to another the exclusive right of use and possession, and retains in himself a right to possession in reversion only, trover is not the appropriate remedy for a conversion committed before the event happens, or the period arrives, which confers on him the right to immediate possession.—2 Green. on Ev. § 615 ; *Nelson v. Bondurant, supra.*

The title of the plaintiffs is that of mortgagees : and by the terms of the mortgages, the mortgagor had the right to the use and possession until default. There are no provisions in the mortgages, reserving to the mortgagees the right and authority

to take possession on the commission of any wrongful act by the mortgagor, or on the happening of any event, other than default in payment at the law-day. In *Boswell v. Carlisle, supra,* it was held: "If there is a stipulation, or a reservation, directly expressed in the mortgage, or matter of just and reasonable implication from its terms and conditions, that for a particular period the mortgagor shall remain in possession, during that period, and while possession continues in the mortgagor, for a wrong and injury to the chattels, however it may affect the title of the mortgagee, and his reversionary right to the possession, trespass is not the appropriate remedy;" on the ground that the mortgagee had neither actual nor constructive possession. The interest of the mortgagor is not determined by a sale of the property, but passes by transfer to another; and the effect of the sale is not to displace or destroy the lien of the mortgage. If his rights are endangered by a threatened or apprehended removal of the property beyond the reach of the mortgagee, a court of equity will interfere, before the law-day of the mortgage, and prevent its removal, for the reason that he can not proceed at law.— *Walker v. Radford,* 67 Ala. 446. A sale of the entire property by the mortgagor, without paying the mortgage debt, is tortious, and if it operates an injury to the mortgagee's reversionary right of possession, or to his lien, a special action on the case is the appropriate remedy. *Arthur v. Gayle,* 38 Ala. 259 ; *Pickett v. Pope,* 74 Ala. 122. The statute makes the registration of a mortgage constructive notice, conclusive on all persons claiming from the mortgagor, by a purchase or other acquisition of the property, subsequent to the recording of the mortgage.—*Daniel v. Sorrels,* 9 Ala. 436 ; *Gimon v. Davis,* 36 Ala. 589. A deposit of the mortgage in the proper office for registration is equivalent to recording it, and is notice from the time of deposit.—*Dubose v. Young,* 10 Ala. 365. No person dealing with the mortgagor in respect to mortgaged property, without the consent of the mortgagee, and having actual or constructive notice of the mortgage, can be deemed an innocent purchaser.—*Steele v. Adams,* 21 Ala. 534.

The declarations of the defendant to Hardy, at the time of the sale to him, were properly admitted; being parts of the *res gestœ* of parting with the possession of the property. *Sanders v. Knox,* 57 Ala. 81.

For the error in refusing the first charge asked by plaintiffs, in respect to the effect of registration as notice, the judgment is reversed, and cause remanded.