# Truss *et al.* Executors *v.* Harvey.

*Action on the Case.*

1. *Mortgage on unplanted crop; sufficiency of description of property.*— A mortgage upon all the crops of cotton and corn and other produce raised by the mortgagor during a designated year "and every year thereafter until this [mortgage] debt is fully satisfied," is not void for uncertainty as to the crops raised by the mortgagor during the next year subsequent to the year designated in the mortgage, but is a valid lien upon such subsequent crop; it clearly appearing from the mortgage that it was the intention of the parties that the crops to be raised by the mortgagor each year after the execution of the mortgage should stand as a security for the debt until the mortgage was paid.

2. *Same; certainty as to debt secured.*—Nor is such mortgage void for uncertainty as to the existence of the debt, since the debt secured may be rendered certain by parol evidence, which would be admissible to show that the mortgage debt was not fully satisfied when the crop of the succeeding year came into existence.

3. *Registration of mortgage; correction of certificate of probate judge by parol evidence.*—Where the certificate of registration of a probate judge upon a mortgage is insufficient on account of the omission therefrom of the year in which the mortgage was filed for record, parol evidence is admissible to show the true date of its filing.

4. *Same; constructive notice to purchaser in another county.*—Although a mortgage of crops not yet planted only creates an equitable interest, the registration of such mortgage in the county in which the lands upon which the crops are situate and where the mortgagor resides operates, under the statute (Code of 1896, § 991), as constructive notice of the lien of such mortgage to a purchaser of such crops in another county.

APPEAL from the Circuit Court of St. Clair.

Tried before the Hon. GEORGE E. BREWER.

This was an action brought by the appellee, J. B. Harvey, against W. W. Perkins. The facts of the case pertaining to the rulings of the trial court reviewed on the present appeal, are sufficiently stated in the opinion.

[Truss, *et al.*, Executors v. Harvey ]

Upon the hearing of all the evidence the court at the request of the plaintiff gave the general affirmative charge in his behalf. To the giving of this charge the defendant duly excepted. There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

Pending the appeal to this court, the cause was revived in the name of the appellants, George M. Truss, *et al.*, as executors of the last will and testament of W. W. Perkins, deceased, the original defendant.

J. F. OSBORN, for appellant.—The plaintiff's mortgage, which is the only evidence of the intention of the parties, shows by its dates, terms and conditions, that the crops were not considered by them. This mortgage was, therefore, void for uncertainty.—3 Brick. Dig. 147, §§ 86, 87, and authorities cited; *Pollard v. Maddox*, 28 Ala. 325.

If the mortgage is not void as a crop mortgage, being given on unplanted crops, it was a conveyance of an equitable interest therein, and, therefore, no notice to appellant who was a *bona fide* purchaser for value, *Bailey v. Timberlake*, 74 Ala. 221; *Marks v. Robinson*, 82 Ala. 69; *Patapsco Guano Co. v. Ballard*, 107 Ala. 710.

The oral testimony of plaintiff that his mortgage was recorded in Blount county, Alabama, was not legal evidence of such fact, and the mortgage should have been excluded.—Code, § 1792.

S. S. PLEASANTS and J. W. DAVIDSON, *contra*.—The mortgage did not, of course, convey the legal title to the crop for the year 1894, of which the bale of cotton converted was a part, but it conveyed such an interest or equitable title as authorized the action on the case for its conversion.—*Collier & Son v. Faulk & Martin*, 69 Ala. 58; *Mayer & Co. v. Taylor*, 69 Ala. 403; *Hussey v. Peebles*, 53 Ala. 432.

The mortgage having been recorded in the proper county was constructive notice to defendant of plaintiff's rights.—*Whittleshoffer v. Strauss*, 83 Ala. 517.

When a mortgagee delivers a mortgage to a probate judge for record he has done all that the law requires

[Truss, et al., Executors v. Harvey.]

him to do. He is not responsible for any error or omission of the judge. Properly marking the mortgage filed and recording the same are mere ministerial acts which do not affect its validity, and it was competent for plaintiff to prove by his own oath that the mortgage was recorded in January, 1893.—Code of 1886, § 1793; *Seibold v. Rogers*, 110 Ala. 438; *Leslie v. Hinson*, 83 Ala. 266; *Abney v. DeLoach*, 84 Ala. 393.

TYSON, J.—On the 20th day of December, 1892, one Moor executed and delivered to Harvey, the plaintiff, a mortgage upon certain personal property therein described, and upon "all his (my) crops of corn, cotton and all other produce he (I) may raise or cause to be raised, or that may accrue to him (me) in any legal manner during the year 1893, and every year thereafter until this debt is fully satisfied." The debt secured by this mortgage was evidenced by a promissory note in the sum of $35, due and payable on the 1st day of May, 1893. This mortgage was recorded in the office of the probate judge of Blount county on the 5th day of January, 1892, it being the county where Moor resided and the situs of the property conveyed by it.

This was an action on the case instituted by plaintiff as mortgagee to recover the value of a bale of cotton raised by Moor on his lands in Blount county during the year 1894, and sold by him to the defendant, Perkins, at Springville, in St. Clair county, in the month of November, 1894. The validity of the mortgage as a conveyance of any interest to the mortgagee of the crops raised by Moor during the year 1894, is raised by a demurrer to the complaint and by objections to its introduction in evidence. The main contention is that the clause "and every year thereafter until this debt is fully satisfied" is too uncertain as a conveyance of the crops raised by Moor during the year 1894. It was certainly within the capacity of the parties to make such a contract, and no special words were necessary to its creation. It is enough that it clearly appear from the mortgage that it was their intention that the crops to be raised by Moor each year after its execution should stand as a security for the debt he owed the mortgagee until paid.

[Truss, *et al.*, Executors v. Harvey.]

When there is a debt, then any agreement or language by which the property is sufficiently identified and designated as a security for its payment, will amount to a mortgage. Security is the aim, the essence of a mortgage. The only element of the clause under consideration that is uncertain, is the one relating to the existence of the debt. It may be rendered certain by parol evidence by showing that it was not "fully satisfied" when the crop of 1894 came into existence upon the same principle that it may be shown what lands were cultivated and the quantity and nature of the crops raised by him during that year. *Id certum est reddi potest.*—*Seay & Hendrick v. McCormick*, 68 Ala. 549; *Smith v. Fields*, 79 Ala. 335; *Ellis v. Martin*, 60 Ala. 394; *Driggers v. Cassady*, 71 Ala. 529. In the case of *Varnum v. The State*, 78 Ala. 29, which was a prosecution for selling or removing certain cotton for the purpose of hindering, delaying or defrauding a named person, who was alleged to have a lawful and valid claim thereto, etc., the lower court admitted in evidence against the objection of defendant a mortgage executed by the defendant containing the following words of conveyance, to-wit: "My entire crop of every description, raised by me or caused to be raised by me annually till this debt is paid." This court said: "It is objected to the admission in evidence of this mortgage that it was void for uncertainty in the description of the crops intended to be included in it. Whatever force there may be in this objection to the instrument on its face, this alleged uncertainty was capable of being removed, when read in the light of the circumstances surrounding the contracting parties at the time of its execution, by extraneous parol identification."

It follows from what we have said there was no error in overruling the demurrers to the complaint and admitting the mortgage in evidence. The mortgage created an equitable interest in the plaintiff in the crop raised by Moor in 1894, attaching to the cotton when it came into existence, and may be enforced in this action against the defendant.—3 Brick. Dig. 661, § 399; *Mayer & Co. v. Taylor & Co.*, 69 Ala. 403.

The certificate of registration of the probate judge upon the mortgage shows that it was filed in his "office

for record on the 5th day of January, 189   at 8 o'clock. A. M., and duly recorded in Mortgage record Vol. 34, page 330." The plaintiff was permitted to testify against the objection of defendant that it was on the 5th day of January, 1893, that he delivered the mortgage to the probate judge at his office to be recorded, and that about ten days thereafter he got the mortgage back from the probate judge with the above certificate on it. It was clearly an oversight on the part of the judge in failing to insert the figure "3" after the figures "189 " in the certificate.

The mortgage was operative as a record from the day of its delivery by the mortgagee to the probate judge.— Code of 1896, § 987, (Code, 1886, § 1793). A deposit of the mortgage in the proper office for registration is equivalent to recording it, and is notice from the time of deposit.—*Heflin & Phillips v. Slay*, 78 Ala. 180 ; *Leslie v. Hinson*, 83 Ala. 266. The purpose of this certificate was to furnish evidence of the time when the mortgage was deposited in the office.—Code of 1896, § 986 (Code of 1886, § 1792). And a failure of the probate judge to perform his duty in this respect cannot impair or affect the rights of the mortgagee.—*Seibold v. Rogers*, 110 Ala. 438. The certificate being insufficient on account of the defect pointed out, it was competent for the plaintiff to testify to the true date of its filing.—*Jordan v. Mead*, 12 Ala. 247.

The only remaining question insisted upon by appellant is, that since the mortgage only conveyed an equitable interest in the cotton, the record of it did not operate as constructive notice to him of plaintiff's lien. Section 991 of Code of 1896 (Code, 1886, § 1797) provides that the recording in the proper office of any conveyance of property which may be legally admitted to record, operates as a notice of the contents of such conveyance without any acknowledgment or probate thereof. It will be observed that this statute does not restrict the notice of the contents of such conveyances as only convey the legal title to property as distinguished from an equitable title.—*O'Neal v. Seixas*, 85 Ala. 80 ; *Pierce & Morrison v. Jackson*, 56 Ala. 599 ; *Whittleshoffer v. Strauss & Steinhart*, 83 Ala. 517 ; *Smith v. Fields*, 79 Ala. 335.

[Lockard, *et al.* v. Stephenson.]

Any person dealing with the mortgagor in respect to mortgaged property, without the consent of the mortgagee and having actual or constructive notice of the mortgage, cannot be deemed an innocent purchaser.— *Steele v. Adams*, 21 Ala. 534 ; *Heflin & Phillips v. Slay*, 78 Ala. 180.

The description of the property, though general and somewhat uncertain, is sufficient to put on inquiry, and the defendant, purchasing the cotton from the mortgagor, was bound to ascertain whether the cotton he purchased was subject to the mortgage.—*Smith v. Fields*, *supra*. And this he was bound to do notwithstanding Moor lived, raised the cotton and the mortgage was recorded in Blount county.—*Hudmon Brothers v. DuBose*, 85 Ala. 446, and authorities cited.

There is no conflict in the evidence as disclosed by the record, and the general affirmative charge given by the court was proper.

Judgment affirmed.