J. ADDIE NASH v. ANNA BROWELL LARSON and Another.[1]

July 16, 1900.

Nos. 12,064—(199).

### Replevin—Damages for Use of Property.

In an action to recover specific personal property (replevin), the rule which authorizes a jury to assess damages for the use thereof during the time it is withheld is adhered to. Qualy v. Johnson, supra, page 408, is followed upon this question.

### Chattel Mortgage—Declaring Forfeiture.

Deal v. D. M. Osborne & Co., 42 Minn. 102, followed upon the rule that the mortgagee of personal property cannot arbitrarily declare a forfeiture when he is authorized by the conditions of his mortgage to take and sell the same if he shall deem himself insecure. There must be reasonable grounds for his action in that respect, which is a question of fact for the determination of a jury.

### Evidence of Waiver.

Evidence considered, and *held* sufficient to sustain the verdict upon the ground that certain conditions in the chattel mortgage may have been waived by the conduct of the parties interested therein.

### Assignments of Error.

Other alleged errors considered unimportant and disregarded.

Action of replevin in the district court for Douglas county by plaintiff, as administratrix of the estate of O. E. Nash, deceased. The case was tried before Baxter, J., and a jury, which rendered a verdict that defendants were the owners and entitled to the return

[1] Reported in 83 N. W. 451.

of the property, that its value was $801.20, and that defendants had sustained $224 damages by reason of its detention. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Grover & Massee*, for appellant.

*C. J. Gunderson*, for respondents.

LOVELY, J.

This is an action to recover specific personal property (replevin) embraced in a chattel mortgage given by defendants to one O. E. Nash to secure the payment of six hundred dollars. After the execution of the mortgage Nash died. Plaintiff was appointed his administratrix, and brought suit to recover the property described in the mortgage before the notes became due, upon the claim that the conditions of such mortgage had been broken in two respects, viz.: That defendants had disposed of a part of the mortgaged property, also that their course of conduct justified the plaintiff in deeming herself insecure, by reason of which defaults she became entitled to its immediate possession under an alleged breach in the usual clause in such mortgages, viz. that

"If attempt be made to remove or dispose of said property, or if at any time said mortgagee, his successors or assigns, shall deem the * * * debt unsafe or insecure, he is hereby authorized * * * to enter * * * and sell the same," etc.

The defendants had a verdict for the return of the property, or the value in case return could not be had; also damages assessed at a substantial sum for withholding the same.

The evidence in this case tends to show that defendants, who had been indebted to plaintiff's intestate, had an oral contract with a third party for the purchase of certain lands, and for the purpose of obtaining an extension of time on a previous debt made the chattel mortgage referred to, and included in such mortgage not only stock, consisting of cows, horses, etc., but the crops upon such lands (which they intended to buy) for the ensuing year. It also appeared that defendants were obligated to turn over a quantity of wheat each year grown on seventy-five acres of the land contracted for to the vendor in part payment of the purchase price. After the chattel

mortgage was given, the verbal contract between the defendants and the owner of the lands purchased by them was consummated in a written instrument for that purpose to the same effect as the oral bargain referred to.

Owing to the death of Nash, his testimony was not obtainable at the trial, and by a familiar rule of evidence conversations between himself and the defendants were also excluded; but we are of the opinion that the testimony received reasonably tended to show that Nash, at the time he accepted the chattel mortgage, was aware of the conditions of purchase between the defendants and the owner of the land referred to, and that such chattel mortgage was given to him subject thereto. The property sold by the defendants upon which the breach of the condition in the mortgage was predicated at the trial was one cow, which it is claimed was sold by the defendants to obtain means to support the remainder of the stock, and afterwards a portion of the wheat raised on the land embraced in the contract was also disposed of. There was evidence also tending to show that, after the sale of the cow, plaintiff relieved the defendants from strict compliance with the conditions of the mortgage, and agreed to extend the payment of the principal sum until the following year, receiving as a consideration therefor another chattel mortgage upon next year's anticipated crop; also that the plaintiff, through her agent, waived the conditions of the mortgage, which prohibited the previous sale of the cow and permitted them to dispose of the crops raised on the contracted land during the current year.

Under the statute (G. S. 1894, § 4145) the mortgagee (or the administratrix in this case, who claimed under him) could not arbitrarily create a forfeiture upon the ground that she deemed herself insecure without just cause based upon the existence of facts constituting a reasonable ground of belief, which was a question for the determination of a jury. Deal v. D. M. Osborne & Co., 42 Minn. 102, 43 N. W. 835. Immediately after the last chattel mortgage had been executed and filed, this action was brought upon the claim that there had been a breach of the conditions in the chattel mortgage to Nash. We are of the opinion that upon the whole evidence in this case it was for the jury to determine whether or not the con-

ditions of the first chattel mortgage, providing against a removal of the property so far as the cow was concerned, had been waived, and, so far as the crop upon the contracted land for the current year was involved, whether they were given the right to dispose of the same.

The major portion of the assignments of error attack the evidence and instructions of the trial court upon the rule of damages. It is earnestly urged by plaintiff's counsel that the rule authorizing the jury to find the value of the use of the property in actions under the statute for claim and delivery thereof, as they did in this case, is illogical and unjust. This very question has been seriously considered and decided by this court at the present term. Qualy v. Johnson, supra, page 408. In that case it was held that under the authority of previous decisions of this court in actions of this character the value of the use of the property may be recovered as damages for its wrongful detention, and we need not discuss this subject further than to refer to the opinion of BROWN, J., in that case.

In this case counsel for the plaintiff very earnestly contend against the justice of this rule. We have already intimated that this suggestion is not without merit, and counsel for plaintiff insist for that reason we should not hesitate to change the doctrine which has existed as a rule of procedure for many years in this state, and pungently ask why, if the rule is wrong, change cannot be made. The rule is not altogether wrong, nor always without merit in its application, but works injustice in specific cases, depending largely upon the generous manner in which juries may dispense damages; but we do not feel justified in changing a rule which is relied upon by the profession and the courts in the administration of the law, unless the apparent hardships imposed by it would be greater than by the change to be made, and we do not think this is so clearly the case in the matter under consideration as to justify us in repealing the rule referred to. As suggested by us in Qualy v. Johnson, this must be done in another way.

We have carefully considered the remaining assignments of error, and find that they are without merit, and do not require special attention.

Order affirmed.