KENNEDY McGRATH *v.* ALANSON D. WILDER.

January Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, and POWERS, JJ.

Opinion filed May 18, 1905.

*Replevin—Measure of Defendant's Damages—Use of Thing Replevied—Increased Value.*

In an action of replevin for a heifer wherein the defendant prevails, he is entitled to recover the value of the use of the heifer during the period of her detention under the writ, without deduction for her increase in value during that time.

REPLEVIN for a heifer. Heard on the report of a referee at the September Term, 1904, Franklin County, *Haselton,* J., presiding. The referee found that the heifer in question was the property of the defendant; that during the period of her detention the heifer dropped a calf which the plaintiff killed, and which was worth $1.00; that the value of the heifer's milk during the period of her detention by plaintiff, less the cost of her care and keeping during that time, was $6.00; that when the heifer was replevied she was worth $20.00, and when returned to the defendant she was worth $25.00.

The court held, as matter of law, that the measure of defandant's damages was the value of the use of the heifer during the period of her detention by the plaintiff, without deduction for her increase in value during that time, and rendered judgment for the defendant to recover $7.00 damages, and costs. Said damages consisting of said $6.00 and said $1.00. The plaintiff excepted.

*Farrington & Post* for the defendant.

*C. G. Austin & Sons* for the plaintiff.

START, J. The action is replevin for a heifer. The only question reserved for consideration in this Court, is whether in determining the defendant's damages the increase in the value of the heifer during the detention should have been deducted from the value of her use.

If the heifer had been in the possession of the defendant during the time she was detained upon the replevin writ, he would have had the benefit of her increase in value, and in addition to this, he would have had the use of her. By the replevin he has been deprived of this use, and the value of this use, in so far as appears, represents his actual damage for the

taking and detention, and he is entitled to this sum without any reduction for her increase in value. Am. and Eng. Ency. of Law 2nd. Ed. 522, 523; *Allen* v. *Fox,* 51 N. Y. 562; 10 Am. Rep. 641; *Washington Ice Co.,* v. *Webster,* 68 Maine 449; 16 Am. Rep. 462; *Nash* v. *Larson,* 80 Minn. 458; 81 Am. St. 272; *Yandle* v. *Kingsbury,* 17 Kan. 195; 22 Am. Rep. 282.

*Judgment affirmed.*