# Holman *v.* Ketchum.

## *Trespass and Trover.*

### (Decided Dec. 19, 1907. 45 South. 206.)

1. *Trover; Right of Action; Title and Possession to Sustain.*—To maintain trover the general or special title to the property and the possession or immediate right to the possession must have been in the plaintiff at the time of the conversion.

2. *Trespass; Right of Action; Possession.*—To support trespass for the taking of chattels plaintiff must, at the time of the taking, have the actual possession or the right to immediate possession.

3. *Chattel Mortgages; Construction; Title of Mortgagor.*—The mort gagor has only an equity of redemption not cognizable in a court of law and the mortgagee is invested with the title to the property mortgaged and the right of possession, unless the conveyance con-. tained a contrary stipulation.

4. *Same; Rights of Parties; Possession; Stipulations Thereto.*— Pending the maturity of the indebtedness the parties to a chattel mortgage may make such stipulations as to the possession of the property as seems to them right, and where a mortgage contains the stipulation that the mortgagee may, after or before maturity thereof and for the payment thereof, seize and sell any of the mortgaged property as the mortgagee deems best waiving all formalities, the right to ter- minate the possession of the mortgagor is reserved to the mortgagee to be asserted whenever he desires; and where the mortgagee seizes the property under the stipulation the mortgagor is without title, and. his right to possession and his possession is lawfully terminated.

5. *Same; Execution; Evidence; Sufficiency.*—A fraudulent mort- gage being invalid affords no protection to one taking under it so that a general finding for the plaintiff, if warranted by the evidence, is supported by an affirmative finding upon the issues tendered by the plaintiff of fraudulent representations in the procurement of the mortgage.

APPEAL from Dale Circuit Court.

Heard before Hon. A. A. EVANS.

Trespass and trover by R. C. Ketcham against J. D. Holman for the recovery of certain mules. From a judgment overruling a motion for a new trial, defendant appeals. Affirmed.

R. C. Ketcham sued J. D. Holman in trespass and in trover for the taking and conversion by him of two

[Holman v. Ketchum.]

mules. Holman justified under the mortgage, the contents of which are sufficiently stated in the opinion of the court. The plaintiff replied that he declined to execute a mortgage and that it was falsely represented to him by Holman that the paper he signed was a simple waive note. The case was tried on the facts tending to support the contention of both plaintiff and defendant. The trial resulted in a verdict for the plaintiff and defendant entered a motion for a new trial because the verdict was contrary to the law and the evidence. The court denied the motion, and this appeal is prosecuted from the judgment denying the motion.

M. SOLLIE, for appellant. The verdict is contrary to law. If Holman exceeded his authority it was only because he purchased at foreclosure sale, and appellee could only affirm or disaffirm this excess of authority in a court of equity.—*Diefenback v. Vaughan,* 116 Ala. 155; *Am. F. L. Mtg. Co. v. Sewell,* 92 Ala. 163; *McCall v. Marsh,* 89 Ala. 478. The verdict was contrary to the evidence as the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust.—*Railroad Co. v. Powers,* 73 Ala. 244; *Cobb v. Malone,* 92 Ala. 630; *Holland v. Howard,* 105 Ala. 538; *Bir. Nat. Bank v. Bradley,* 116 Ala. 142; *Perry v. King,* 117 Ala. 535.

J. E. ACKER, and H. G. STEGALL, for appellee. The mortgagee not having disposed of the mules in accordance with the powers of the mortgage became a trespass ab initio.—*Brock v. Berry Demoville Co.,* 132 Ala. 99; *Nathan v. Shivers,* 71 Ala. 121; *Johnson v. State,* 140 Ala. 418.

McCLELLAN, J.—The defendant's motion for a new trial upon the ground that the verdict was contrary to the law and evidence, or either, was overruled, and from that action he appeals.

The plaintiff's case is stated in two counts, trespass and trover. Admitting that he took possession, without force, of the two mules in question, the defendant sought to justify his course under a mortgage to him by plaintiff. This instrument purports to have been executed on November 3, 1903, and the note which it was given to secure matured on September 1, 1904. The taking of the animals was on February 22, 1904. The mortgage contained the provision under which defendant assumed dominion of the mules, viz: "All or any of which property the said J. D. Holman may, after or before the maturity hereof and for the payment thereof, seize and sell as they may deem best, waiving all formalities." To maintain trover the plaintiff must have, at the time of the alleged conversion, the title, general or special, to the property and possession or the immediate right of possession; and to support trespass for the taking of chattels he must have, at the time of the act, the actual possession or the right of immediate possession of the property.—*Johnson v. Wilson,* 137 Ala. 468, 34 South. 392, 97 Am. St. Rep. 52. A mortgage, at law, effects to invest the mortgagee with the mortgagor's title to the property described, and this, unless the parties otherwise stipulate, draws to it the right of possession thereof. Before foreclosure there is in the mortgagor only the equity of redemption, which is not cognizable in a court of law.—*Marks v. Robinson,* 82 Ala. 69, 2 South. 292; *Stephens v. Head,* 138 Ala. 455, 35 South. 565. It is within the competency of the parties to order the possession, pending the maturity of the indebtedness, as they see fit; and from the quoted provision of this mort-

[Holman v. Ketchum.]

gage it is clear that the right and power to terminate the contemplated possession of the mortgagor was reserved by the mortgagee, the holder of the legal title, to be asserted whenever he desired. Assuming the validity of the mortgage, the plaintiff was without the title to the property, and his possession and right to the possession of the mules was lawfully terminated by the authorized act of the mortgagee in seizing them. For so doing he committed no wrong against the plaintiff, and, if the mortgage is valid, he must have failed in this action. See Jones on Chattel Mortgages, 435. Under these circumstances it is evident that the crucial point in the case was the issue of fact whether, as plaintiff contended, the execution of the mortgage by the plaintiff was induced by the fraudulent representation of the defendant that the paper was a note, and not a mortgage, which latter plaintiff had refused to execute.— *Bank of Guntersville v. Webb*, 108 Ala. 132, 19 South. 14.

The verdict was general, and, if warranted by the evidence, may be supported by an affirmative finding upon the issue just stated; for, if the mortgage was thus fraudulently procured to be executed, it was invalid, and afforded no protection to defendant in taking or appropriating the mules. The several mortgages assigned to defendant by Stokes after the taking on February 22, 1904, could, of course, serve no purpose to justify or acquit the defendant of the wrong charged. We have carefully considered the testimony bearing upon this issue of fact; and while the weight of it appears, from the record we alone have, to be with the defendant, yet the preponderance is not so great as to overcome the presumption of the correctness of the jury's finding, favored as they were with a view of the witnesses in giving their testimony, and to convince us that the conclusion

reached by the jury is wrong and unjust. The judgment overruling the motion is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.