(88 South. 51)

R. P. HARRIS & CO. v. THOMAS.
(5 Div. 352.)

(Court of Appeals of Alabama. Jan. 11, 1921.)

1. CONTRACTS ⊕143—COURTS CANNOT MAKE CONTRACTS, BUT MUST ENFORCE THEM AS MADE.

Courts cannot make contracts for parties, but must give such contracts as are made a reasonable construction and enforce them accordingly.

2. CHATTEL MORTGAGES ⊕161—MORTGAGEE CANNOT ARBTRARILY BEFORE LAW DAY SEIZE PROPERTY UNDER INSECURITY CLAUSE.

A chattel mortgagee cannot arbitrarily and without reason before the law day seize property held under the mortgage, though he holds the legal title, and the mortgage provides that, if the security ceases to be satisfactory, the mortgagee may seize any or all of the property and sell it; for, while such clause, inserted for the protection of the mortgagee, is valid, courts will not permit it to be used for oppression, but it is operative when a change has taken place in the security to place the mortgagee in a less favorable position.

3. CHATTEL MORTGAGES ⊕172(5) — BURDEN ON MORTGAGOR TO SHOW MORTGAGEE DID NOT ACT IN GOOD FAITH IN SEIZING PROPERTY.

When a chattel mortgagee acting under an insecurity clause, possesses himself of the property, the burden is on the mortgagor to show the mortgagee did not act in good faith.

4. CHATTEL MORTGAGES ☞161—MORTGAGEE HELD TO HAVE ACTED UNDER CLAUSE ENTITLING HIM TO SELL IF SECURITY UNSATISFACTORY.

Chattel mortgagee of a mule, sold to the mortgagor, a tenant, validly took possession under insecurity clause, where the tenant changed landlords and the second landlord was to make advances with incident liens taking priority of the mortgage.

Appeal from Circuit Court, Coosa County; E. J. Garrison, Judge.

Action of detinue by R. P. Harris & Co. against Wylie Thomas for the recovery of a mule. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

John A. Darden, of, Goodwater, and Riddle & Riddle, of Talladega, for appellant.

Under the facts in this case, and the provisions contained in the mortgage, the plaintiff was entitled to recover the mule. 67 Ala. 529; 22 Neb. 717, 36 N. W. 155, 3 Am. St. Rep. 286; 63 Mich. 97, 29 N. W. 837, 6 Am. St. Rep. 284; Jones on Mortgages, §§ 766, 1174–1191.

Felix L. Smith & Son, of Rockford, for appellee.

No brief reached the Reporter.

SAMFORD, J. The plaintiff sold to defendant the mule here sued for, taking in payment thereof a mare and a chattel mortgage due November 1, 1920, to secure the payment of $152. The mortgage covered the mule sold and also defendant's crops for 1919 and 1920, and at the time of the transaction defendant stated to plaintiff that he had rented the place which he cultivated in 1919 for another year from T. J. Beatty at a rental of $50. There was testimony as to other statements and understandings between the parties, not necessary here to set out. There was a clause in the mortgage warranting the property free from liens and a clause in the following language:

"If the above indebtedness is not paid at maturity, or should the security in this note at any time before maturity cease to be satisfactory, payees, their agents or assigns, are authorized to seize any or all of said property wherever found and after giving four days' written notice," etc., "sell," etc.

After the mortgage was executed, it developed that there was a mortgage on the mare due the bank, which plaintiff was forced to pay, and that defendant had not rented the Beatty place on a rental of $50, but finally rented land from one Dobson, who was to advance to defendant to make a crop, on which crop Dobson had a landlord's lien. There was other testimony as to the various negotiations after the execution of the mortgage tending to show the changed condition of the security not necessary here to set out. After the facts above set out came to the knowledge of plaintiff, plaintiff demanded possession of the mule described in the mortgage, and upon defendant's failure to deliver brought this suit.

[1, 2] Courts cannot make contracts for parties but we must give such contracts as are made reasonable construction and enforce them accordingly. Henderson Law Co. v. Wilson, 161 Ala. 504, 49 South. 845. A mortgagee cannot arbitrarily and without reason, before the law day, seize property held under a chattel mortgage, although he holds the legal title and the mortgage contains the clause hereinabove quoted. The clause was inserted for the protection of the mortgagee and is valid, but the courts will not permit it to be used to oppress the mortgagor, upon mere caprice or ill will of the mortgagee. When, however, a change has taken place in the security described in the mortgage affecting its value or in such sort, as to place the mortgagee in a less favorable position with respect to the enforcement of his debt, the provision in the mortgage becomes operative. Under such circumstances as above set out (there being a clause in the mortgage providing that if the mortgagee shall at any time deem himself insecure he may take possession) there is vested in the mortgagee a discretion which he may exercise within the limits above set forth. This doctrine is founded on right and is recognized in Roy v. Goings, 96 Ill. 361, 36 Am. Rep. 151, and in the numerous opinions there cited by the Chief Justice, who wrote the opinion, where it is said:

"The mortgagee, under such a mortgage had the right to judge of the crisis for himself, subject only to the limitation that his judgment must be exercised in good faith and upon reasonable grounds."

To the same effect is the case of Barrett v. Hart, 42 Ohio St. 41, 51 Am. Rep. 801, and, while not exactly in point, our own Supreme Court in Henderson Law Co. v. Wilson, 161 Ala. 505, 506, 49 South. 845, seems to lean to this view. We are not unmindful of the more strict rule followed by the courts in Werner v. Bergman, 28 Kan. 60, 42 Am. Rep. 152; Huebner v. Koebke, 42 Wis. 319, but prefer to adopt the rule as hereinabove stated.

[3, 4] However, when the mortgagee, acting under such a clause in a mortgage, possesses himself of the property, the burden is on the defendant to show that the mortgagee did not act in good faith. Upon the undisputed facts in this case it appears that plaintiff acted within the rule stated above. The plaintiff might have been willing to leave the security in the possession of defendant while he was a tenant of Beatty at an annual rental of $50, but not so when he was a

tenant of Dobson, who was to advance to defendant to make a crop, with all the liens incident to the relation of landlord and tenant, taking priority of plaintiff's mortgage. Again, the security had materially changed from that represented at the time of the execution of the mortgage, in that plaintiffs had been forced to pay off a mortgage of $46.75 on the mare given by defendant as part payment of the mule purchased, and the mortgage on the crop for 1920 had failed, at least to the extent of the crop included in the mortgage on the Beatty place. It further appears without conflict, that the defendant, after executing the mortgage, was uncertain as to what land he would rent, whether from Beatty, Dykes, the plaintiff, or Dobson. It seems to us that the security had gotten into a very unsatisfactory condition, warranting the plaintiff to demand possession of the mule. Allen v. Vose, 34 Hun (N. Y.) 57. The defendant offered no evidence that would warrant the jury to find that the plaintiff acted in bad faith in demanding the possession of the mule. The plaintiff was entitled to the general affirmative charge, and for the error in refusing to give it, as requested, the judgment is reversed, and the cause is remanded.

Reversed and remanded.