(132 So. 611)

## MANUFACTURERS' FINANCE ACCEPTANCE CORPORATION v. WOODS.

### 3 Div. 933.

Supreme Court of Alabama.

Dec. 4, 1930.

Rehearing Denied Jan. 29, 1931.

E. T. Graham, of Montgomery, for petitioner.

John P. Kohn, Jr., of Montgomery, opposed.

**BOULDIN, J.**

Upon the sale and delivery of an automobile by a dealer to a customer, part payment being made in cash, balance to be paid in installments, secured by mortgage on the automobile, with stipulation that the mortgagee may retake possession upon default, or if the automobile is removed or attempted to be removed from the state, or when the mortgagee "deems the debt insecure," clearly imports a right of possession in the purchaser mortgagor to continue unless and until one of such stipulated events occurs. Boswell & Woolley v. Carlisle, Jones & Co., 70 Ala. 244; Heflin & Phillips v. Slay, 78 Ala. 180; Hardison et al. v. Plummer, 152 Ala. 619, 44 So. 591; Fields v. Copeland, 121 Ala. 644, 26 So. 491.

The right to possession, as between mortgagee and mortgagor, may be tested in an action at law, a suit in detinue. While a mortgage passes the legal title to the mortgagee, which, in the absence of stipulation to the contrary, carries a right of possession before the law day, the parties are free to stipulate otherwise. A detinue suit cannot be founded on an instrument which on its face shows the right of possession in another. Likewise, if the right to possession is stipulated to depend on extraneous facts, the existence or nonexistence of such facts is triable at law. It is simply an issue whether under the terms of the mortgage, the right of possession is in the one or the other. There is no occasion to resort to equity in such case. Marks v. Robinson & Ledyard, 82 Ala. 69, 2 So. 292; R. P. Harris & Co. v. Thomas, 17 Ala. App. 634, 88 So. 51.

Quite divergent views are held and expressed by our brothers of the Court of Appeals, touching the meaning and effect of the clause, "whenever you (the mortgagee) shall deem the debt insecure." The views of Judge Rice are best expressed in his own words: "The very fact of the bringing of the suit was, we hold, conclusive of the question of whether or not appellant did 'deem the debt insecure,' to the result that it did; and, under the plain terms of the mortgage, or, if not so, because the mortgage did not stipulate

to the contrary, it was entitled to the immediate possession of the car, and judgment was erroneously rendered against it. Bank of Andalusia v. Freeman, 200 Ala. 13, 75 So. 325; Holman v. Ketchum, 153 Ala. 360, 45 So. 206; Boswell & Woolley v. Carlisle, Jones & Co., 70 Ala. 244; Marks v. Robinson & Ledyard, 82 Ala. 69, 2 So. 292."

Judge Samford holds, as we understand it, that this clause does not reserve any right of possession in the mortgagor available at law, or, rather, does not negative the right of the mortgagee, as holder of the legal title, to sue at law for possession at will, and that, for any fraudulent or oppressive abuse of power, the remedy of the mortgagor is in equity.

Presiding Judge Bricken, in a more extended, and, as we think, well-reasoned opinion, summarizes his views in a quotation from Nash v. Larson, 80 Minn. 458, 83 N. W. 451, 81 Am. St. Rep. 272, as follows: "A chattel mortgagee cannot arbitrarily create a forfeiture of the mortgage upon the ground that he deems himself insecure, as authorized by the mortgage, without just cause therefor based upon the existence of facts constituting reasonable ground of belief, which is a question for the determination of a jury."

There is no lack of authority for the divergent views expressed by Judges Bricken and Rice. The decisions of the various states show great lack of harmony; and many different shadings have been given to such stipulations. These holdings are fully covered in Jones on Chattel Mortgages (5th Ed.) §§ 431, 431a, 431b, 432, and notes, and also in 11 Corpus Juris, pp. 555, 556, § 254b, and notes.

We will not undertake to review the cases at large. Suffice to say, Mr. Jones treats first as apparently the prevailing doctrine that the mortgagee is made the sole judge of such contingency, is vested with an absolute discretion when he deems himself insecure, and his right does not depend upon whether he has reasonable ground so to believe. Section 431. However, he cites quite as many cases to the effect that the mortgagee "must have a reasonable apprehension of insecurity," section 431a; and specially notes a change of rule by the courts of New York from "absolute" right to that of "good faith in exercising this privilege," section 431b.

In the text of Corpus Juris, the prevailing doctrine is declared to be that the mortgagee must act reasonably and upon probable cause, that no arbitrary discretion is conferred. 11 C. J. p. 555.

This court appears not to have heretofore considered the exact question before us.

In Holman v. Ketchum, 153 Ala. 360, 45 So. 206, and Bank of Andalusia v. Freeman, 200 Ala. 13, 75 So. 325, the instrument provided that the mortgagee "may, after or before maturity thereof, and for the payment hereof, seize and sell as they may deem best."

This was held to mean an unqualified right to possession with right to foreclose before maturity. The terms of those mortgages were different from this, and the cases are not here in point.

Harris v. Thomas, 17 Ala. App. 634, 88 So. 51, 52, is analogous to the present case.

Right of the mortgagee to take possession was stipulated, "should the security * * * before maturity cease to be satisfactory."

Properly treating this stipulation as equivalent to "deem himself insecure," the Court of Appeals adopted the following from Roy v. Goings, 96 Ill. 361, 36 Am. Rep. 151: "The mortgagee, under such a mortgage had the right to judge of the crisis for himself, subject only to the limitation that his judgment must be exercised in good faith and upon reasonable grounds."

This is a good statement of the rule. We approve, also, the following from the opinion of Presiding Judge Bricken: "This contract is in this respect analogous to contracts where parties agree that a contract shall be performed to the satisfaction of the opposite party. It has been uniformly held under contracts of that character that, if no bona fide reason exists for dissatisfaction, then the law regards the contracting parties as satisfied. Electric Lighting Co. v. Elder, 115 Ala. 138, 21 So. 983; Worthington & Co. v. Gwin, 119 Ala. 44, 24 So. 739, 43 L. R. A. 382; Jones v. Lanier, 198 Ala. 363, 73 So. 535."

In construing the mortgage before us, we observe the powers conferred on the mortgagee in case he does take possession under the insecurity clause are far different and more extended than the powers of a mortgagee in possession before the law day and before default, and the obligations wholly different. Instead of a mortgagee in possession subject to the duty to return the property upon payment of the mortgage debt as agreed and to account for the use thereof, this instrument stipulates that the mortgagee, when the property is so retaken, may dispose of it at his option and as he sees fit, and all payments retained by way of liquidated damages.

If his taking or suing for the property is conclusive, not open to inquiry for bad faith or oppression, we have a case of a deliberate contract whereby the one party can strike down at will all terms as to deferred payments, retake the property at pleasure, dispose of it as he will, and retain all moneys

paid. It would be unjust to both parties to assume they had such intent. It is fair to assume they were dealing on a basis of honesty and fairness; that the mortgagee must "deem the debt insecure" on such basis.

The dictionary definition of "deem" is to "sit in judgment upon;" "to pass judgment;" "to conclude or believe on consideration." Webster's International Dictionary.

Arbitrary capricious oppressive action does not conform to such concept.

Clearly this clause, both by dictionary definition and by common understanding, submits the decision whether the debt has become insecure in the first instance to the mortgagee. But such decision must have a basis of reason and justice.

There are some cases wherein a mortgagee has been overreached as to the value of the security when taken; but this does not apply to cases of sale with mortgage back for purchase money. The seller having chosen his terms and approved the security, he is not free to take a different view to the hurt of the purchaser, who has properly preserved the security, allowed no depreciation other than from contemplated use, and has kept the same equally available to the mortgagee. There should be. or reasonably appear to be, a change in the status of the security, or of the debtor affecting the security.

Insecurity by reason of the acts of third persons, or the relations of the debtor to them, need not be considered here.

We also approve the prevailing rule that the issue is not whether in fact the debt has become insecure. Evidence to that effect goes to the true issue, viz.: Did the mortgagee in good faith as a reasonable and just man conclude the debt had become insecure? Did he reasonably and in good faith "deem himself insecure"?

Good faith, in view of the relation of trust between mortgagor and mortgagee, and the confidence reposed in the mortgagee by such stipulation, may demand reasonable inquiry as to matters easily open to him. After such inquiry, and acting on the reasonable appearance of things, if the mortgagee has probable cause to believe and does believe his security has become or is about to become impaired, he may act; otherwise not.

In a detinue suit by the mortgagee, the burden is on him to show the event which entitled him to possession has occurred.

The Court of Appeals does not appear to have passed upon the further question mentioned by Judge Rice touching a proposed or threatened removal of the car from the state.

The writ of certiorari is granted, and the cause remanded to the Court of Appeals for further consideration as that court shall deem proper.

Writ granted; reversed and remanded.

All the Justices concur.